**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JOAN FAULK OWENS and<br>KAREN LYNN HUBBARD,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **2:07-cv-650** |
| | ) |
| **STATE OF ALABAMA DEPT. OF<br>MENTAL HEALTH AND MENTAL<br>RETARDATION,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ANSWER

COME NOW the Defendants, the State of Alabama Department of Mental Health and Mental Retardation (hereinafter "ADMH"), John Houston, Henry Ervin, Otha Dillihay, and Marilyn Benson, by and through undersigned counsel of record, and pursuant to Rule 8 of the *Federal Rules of Civil Procedure*, respectfully submit this Answer and Defenses to Plaintiffs' First Amended Complaint. The Defendants plead and aver as follows with regard to the specifically numbered paragraphs contained in Plaintiffs' First Amended Complaint:

1. With regard to paragraph 1 of Plaintiffs' First Amended Complaint, Defendants admit that this action is brought pursuant to Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 codified at 42 U.S.C. §§ 2000E, *et seq.* and the Fourteenth Amendment of the United States Constitution. Defendants specifically deny that there was any unlawful discrimination on the basis of race and deny any and all claims

of the Complaint for which a finding of liability and the award of remedies, whether legal or equitable are sought.

2.     With regard to paragraph 2 of Plaintiffs' First Amended Complaint, Defendants admit that jurisdiction is proper.

3.     With regard to paragraph 3 of Plaintiffs' First Amended Complaint, Defendants admit that jurisdiction is proper.

4.     With regard to paragraph 4 of Plaintiffs' First Amended Complaint, Defendants deny the allegations contained therein, and demand strict proof thereof.

5.     With regard to paragraph 5 of Plaintiffs' First Amended Complaint, Defendants admit that Joan Faulk Owens is an employee of the State of Alabama. Regarding the remaining allegations Defendants are without sufficient knowledge either to admit or deny these allegations and, therefore, deny and demand strict proof of them.

6.     With regard to paragraph 6 of Plaintiffs' First Amended Complaint, Defendants admit that Karen Lynn Hubbard is an employee of the State of Alabama. Regarding the remaining allegations contained in paragraph 6, Defendants are without sufficient knowledge either to admit or deny these allegations and, therefore, deny and demand strict proof of them.

7.     With regard to paragraph 7 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

8.     Defendants admit that Defendant John Houston is the Commissioner of the Alabama Department of Mental Health, and that Commissioner Houston is a resident of the State of Alabama and that his office is in Montgomery, Alabama.  Defendants deny any

allegations that Commissioner Houston is liable to Plaintiffs for damages or equitable relief in any way whatsoever in either his official or individual capacity.

9.    Defendants admit that Defendant Otha Dillihay was formerly the Associate Commissioner of Administration of the Alabama Department of Mental Health and that Defendant Otha Dillihay is currently a resident of the State of South Carolina.   Defendants deny any allegations that Otha Dillihay is liable to Plaintiffs for damages or equitable relief in any way whatsoever in either his official or individual capacity.

10.    Defendants admit that Defendant Henry E. Ervin is the Director of Human Resources of the Alabama Department of Mental Health and that Mr. Ervin is a resident of the State of Alabama.   Defendants deny any allegations that Defendant Ervin is liable to Plaintiffs for damages or equitable relief in any way whatsoever in either his official or individual capacity.

11.    Defendants admit that Defendant Marilyn Benson is currently the Assistant Personnel Director of Human Resources of the Alabama Department of Mental Health and is a resident of the State of Alabama.  Defendants deny any allegations that Defendant Benson is liable to Plaintiffs for damages or equitable relief in any way whatsoever in either her official or individual capacity.

12.    Defendants incorporate and adopt by reference the answers and defenses previously set forth in paragraphs 1 - 11 of this Answer.

13.    With regard to the allegations contained in paragraph 13 of Plaintiffs' First Amended Complaint, admitted.

14.    With regard to the allegations contained in paragraph 14 of Plaintiffs' First Amended Complaint, admitted.

15.    With regard to the allegations contained in paragraph 15 of the Plaintiffs' First Amended Complaint, these Defendants deny the allegations and demand strict proof thereof.

16.    With regard to the allegations contained in paragraph 16 of the Plaintiffs' First Amended Complaint, Defendants admit that Henry E. Ervin is a black male and is an employee of the State of Alabama.  Defendants also note that Mr. Ervin is the Director of Human Resources of the Alabama Department of Mental Health.  Defendants deny the remaining allegations of this paragraph and demand strict proof thereof.

17.    With regard to the allegations contained in paragraph 17 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

18.    With regard to the allegations contained in paragraph 18 of the Plaintiffs' First Amended Complaint, Defendants admit the allegations contained therein.

19.    With regard to the allegations contained in paragraph 19 of the Plaintiffs' First Amended Complaint, Defendants deny the material allegations and demand strict proof thereof.

20.    With regard to the allegations contained in paragraph 20 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

21.    With regard to the allegations contained in paragraph 21 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

22.    With regard to the allegations contained in paragraph 22 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

23.    With regard to the allegations contained in paragraph 23 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

24.    With regard to the allegations contained in paragraph 24 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

25.    With regard to the allegations contained in paragraph 25 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

26.    With regard to the allegations contained in paragraph 26 of the Plaintiffs' First Amended Complaint, Defendants admit that this paragraph correctly quotes certain parts of Exhibit "B," but deny the other allegations of this paragraph and demand strict proof thereof.

27.    With regard to the allegations contained in paragraph 27 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

28.    With regard to the allegations contained in paragraph 28 of the Plaintiffs' First mended Complaint, Defendants deny the allegations and demand strict proof thereof.

29.    With regard to the allegations contained in paragraph 29 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

30.    With regard to the allegations contained in paragraph 30 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

31.    With regard to the allegations contained in paragraph 31 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

32.     With regard to the allegations contained in paragraph 32 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

33.     With regard to the allegations contained in paragraph 33 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

34.     With regard to the allegations contained in paragraph 34 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

35.     With regard to the allegations contained in paragraph 35 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

36.     With regard to the allegations contained in paragraph 36 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

37.     With regard to the allegations contained in paragraph 37 of the Plaintiffs' First Amended Complaint, Defendants admit that the Plaintiffs did file a charge of discrimination with the EEOC.

38.     With regard to the allegations contained in paragraph 38 of the Plaintiffs' First Amended Complaint, Defendants admit that the EEOC did issue determination letters regarding Plaintiffs' charges against the ADMH and that Plaintiffs have correctly quoted a portion of the determination letters, which are attached as Exhibit "D," in this paragraph. However, Defendants deny that the EEOC's determinations dated February 8, 2007, attached as Exhibit "D," stating its belief that "reasonable cause" existed to believe a violation of the statute occurred were justified or supported by the evidence submitted. Defendants deny any and all allegations, opinions, determinations and findings set forth

in paragraph 38 of the Complaint and in the EEOC determination letters attached as Exhibit "D". These Defendants demand strict proof of these matters.

Attached to this Answer are two Determinations entitled "Dismissal And Notice of Rights" as Defendants' Exhibit "1." The Defendants' Exhibit "1" Dismissals are EEOC's initial Determinations upon review of the evidence regarding the Owens and Hubbard charges which serve as the basis of this civil suit. These Determinations, dated July 10, 2006, contain the following finding:

"Dismissal and Notice of Rights": "The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge."

Also attached to this Answer are two documents entitled "Notice of Intent to Reconsider" labeled Exhibit "2."

39. With regard to the allegations contained in paragraph 39 of the Plaintiffs' First Amended Complaint, Defendants admit that the EEOC did write to ADMH through ADMH attorney, Courtney Tarver, on January 4, 2007. Moreover, Defendants admit that Plaintiffs correctly quote a selected portion of the letter attached as Exhibit "E." However, Defendants deny that the letter to Mr. Tarver correctly states "facts." The January 4, 2007 letter incorrectly states facts. Certain crucial "facts" stated by EEOC in these two Determinations, Exhibit "D" to the Complaint, are not facts at all and EEOC, in relying upon its incorrect view of these incorrectly stated "facts," arrived at a wrong Determination as

reflected in the Exhibit "D" attachments to the Complaint.  Defendants further deny that the stated intention in the January 4, 2007 letter regarding Ms.  Guenster's recommendation to the Director that "reasonable cause" be found was the correct recommendation under the true facts that existed.  Ms. Guenster's statement of January 4, 2007 about the potential for such a recommendation of reasonable cause was, according to her letter, merely a potential, but such a recommendation would have been and ultimately was contrary to the true facts that existed and related to the charges. Further, this January 4, 2007 letter from Ms. Guenster at EEOC to Mr. Tarver at ADMH represented to Mr. Tarver that, if he wished to present additional evidence, he could do so by January 18, 2007.  The implication in the January 4, 2007 letter was that such a submission would be considered and, if it presented evidence that would alter the outcome, appropriate action would be taken by EEOC.  Mr. Tarver did submit a factually supported response by letter with extensive documentary support on January 18, 2007 wherein he made the following statement: "The following information is provided to clarify certain statements and dispute the findings set forth in your letter."  These Defendants deny the allegations of paragraph 39 and demand strict proof thereof.

40.    Defendants admit that the ADMH exercised its right to decline participation in conciliation, which is a settlement vehicle.  Conciliation was offered by EEOC as a settlement proposal.  For this reason the inclusion of paragraph 40 of the Complaint is improper and should be stricken.  Defendants deny any and all liability that may be alleged in paragraph 40.

## COUNT I - TITLE VII EMPLOYMENT DISCRIMINATION

41.     Defendants incorporate and adopt by reference the answers and defenses previously set forth in paragraphs 1 - 40 of their Answer.

42.     With regard to the allegations contained in paragraph 42 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

43.     With regard to the allegations contained in paragraph 43 of the Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

## COUNT II - §1981 DISCRIMINATION

Defendants incorporate and adopt by reference the answers and defenses previously set forth in paragraphs 1 - 43 of this Answer.

Defendants deny the allegations contained in the unnumbered paragraphs of the Section entitled "Count II - §1981 Discrimination" beginning on page 15 of Plaintiffs' First Amended Complaint and demand strict proof thereof.

44.     With regard to the allegations contained in paragraph 44 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

## COUNT III - FOURTEENTH AMENDMENT VIOLATION

45.     Defendants incorporate and adopt by reference the answers and defenses previously set forth in paragraphs 1 - 44 and any unnumbered paragraphs above.

46.     With regard to paragraph 46, Defendants admit the allegations.  Defendants deny any allegations that Defendants have violated the quoted policy and demand strict proof thereof.

47.     With regard to the allegations contained in paragraph 47 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

48.     With regard to the allegations contained in paragraph 48 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

49.     With regard to the allegations contained in paragraph 49 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

50.     With regard to the allegations contained in paragraph 50 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

## COUNT IV - NEGLIGENT BREACH OF DUTY

51.     Defendants incorporate and adopt by reference the answers and defenses previously set forth in paragraphs 1 - 50 and any unnumbered paragraphs above.

52.     With regard to the allegations contained in paragraph 52 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

## COUNT V - WANTON BREACH OF DUTY

53.     Defendants incorporate and adopt by reference the answers and defenses previously set forth in paragraphs 1 - 52 and any unnumbered paragraphs above.

54.     With regard to the allegations contained in paragraph 54 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

## COUNT VI - WILLFUL BREACH OF DUTY

55.     Defendants incorporate and adopt by reference the answers and defenses previously set forth in paragraphs 1 - 54 and any unnumbered paragraphs above.

56.    With regard to the allegations contained in paragraph 56 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

## COUNT VII - INTENTIONAL INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS

57.    Defendants incorporate and adopt by reference the answers and defenses previously set forth in paragraphs 1 - 56 and any unnumbered paragraphs above.

58.    With regard to the allegations contained in paragraph 58 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

59.    With regard to the allegations contained in paragraph 59 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

60.    With regard to the allegations contained in paragraph 60 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

## COUNT VIII - CONSPIRACY

61.    Defendants incorporate and adopt by reference the answers and defenses previously set forth in paragraphs 1 - 60 and any unnumbered paragraphs above.

62.    With regard to the allegations contained in paragraph 62 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

63.    With regard to the allegations contained in paragraph 63 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

## COUNT IX - AGENCY/RESPONDENT SUPERIOR

64.    Defendants incorporate and adopt by reference the answers and defenses previously set forth in paragraphs 1 - 63 and any unnumbered paragraphs above.

65.    With regard to the allegations contained in paragraph 65 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

66.    With regard to the allegations contained in paragraph 66 of Plaintiffs' First Amended Complaint, Defendants deny the allegations and demand strict proof thereof.

### First Defense

Neither the Plaintiffs' First Amended Complaint taken as a whole nor any individual count thereof states a claim upon which relief may be granted with regard to these Defendants; thus, Plaintiffs' First Amended Complaint and the specific counts thereof are due to be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

### Second Defense

There did not exist any official policies or practices of these Defendants which could or do form a legitimate basis of Plaintiffs' First Amended Complaint or any count thereof and the First Amended Complaint and each count thereof are, therefore, due to be dismissed.

### Third Defense

Plaintiffs' claims against these Defendants are barred by both the doctrines of sovereign immunity and State agent immunity under *Ex parte Cranman*, 792 So 2d, 392 (Ala. 2000) and are, therefore, due to be dismissed.

### Fourth Defense

Any action(s) by these Defendants, with respect to the Plaintiffs, were a good faith exercise of the powers and authority vested in them.  The individual Defendants, insofar as their actions may have affected Plaintiffs, took all said actions in their official capacities,

not in their individual capacities, during and within the scope of their employment. The acts of these Defendants, as alleged in the First Amended Complaint, with regard to Plaintiffs, involved the exercise of discretion in the legitimate performance of their respective state offices and positions. Pursuant to their good faith exercise of the power and authority vested in them, these Defendants have and claim immunity from suit and immunity from the assessment of damages in the Plaintiffs' favor against the Defendants in their individual capacities.

### Fifth Defense

Any action(s) by these Defendants which may have effected Plaintiffs in good faith, were reasonable under the circumstances, correct, and in accordance with known applicable law.

### Sixth Defense

Any action taken by the Alabama Department of Mental Health and Mental Retardation by or through the individuals named in paragraph 65 of the First Amended Complaint was taken by said individuals, not as agents of one another, but lawfully in their official capacity. There was no violation of the Plaintiffs' rights under the United States or Alabama Constitutions or under any tort concept pled in the First Amended Complaint.

### Seventh Defense

Plaintiffs have not suffered the loss of any right, privilege, or immunity secured by the constitutions or laws of the State of Alabama or of the United States as a result of any action taken by these Defendants.

### Eighth Defense

No acts or omissions on the part of these Defendants either proximately caused or contributed to any injury or damage that Plaintiffs claim to have sustained.

### Ninth Defense

As to any of the alleged acts which may form the basis for Plaintiffs' Complaint against these Defendants in their individual capacities, such actions by these Defendants which may have effected the Plaintiffs, if any, were performed by them in their official capacities, were reasonable under the circumstances, and were performed in good faith and without malice or an intent to injure Plaintiffs in any manner. Said actions performed by Defendants involved the exercise of discretion. Accordingly, these Defendants are immune to suit under both federal and state law in their individual capacities.

### Tenth Defense

These Defendants have taken no action with respect to Plaintiffs under any unconstitutional custom or policy of government.

### Eleventh Defense

These Defendants have taken no action against Plaintiffs in a wilful, malicious, reckless, or wanton manner, or with a conscious disregard or indifference to the rights of the Plaintiffs. Any actions taken by these Defendants were performed in good faith and do not exhibit that lack of conscience which would give rise to an inference of disregard for the consequences of their actions.

## Twelfth Defense

These Defendants are immune from liability for punitive damages to the extent that each is sued in his official capacity. Ala. Code § 6-11-21 (1975).

## Thirteenth Defense

Defendants had legitimate, non-discriminatory reasons for all of the employment actions that Plaintiffs allege were discriminatory in nature. These reasons have no relation to Plaintiffs' race, and were not a pretext for any alleged discriminatory act on the part of Defendants.

## Fourteenth Defense

The Defendants, acting in their official capacities, are not subject to the assessment of actual, compensatory or punitive damages.

## Fifteenth Defense

With regard to any relief, whether legal or equitable, sought by the Plaintiffs, these Defendants plead the equitable doctrine of unclean hands.

## Sixteenth Defense

The specification describing the qualifications and prerequisites for the job of Departmental Assistant Personnel Manager, which is Exhibit "C" to the First Amended Complaint, does not set forth a discriminatory set of requirements and was not drawn to fit the qualifications of a specific person. Instead, the specification improves upon other specifications previously used for high level positions by requiring a higher level of education and this specification fits within the general concept of improving the overall quality of the ADMH as a whole and the Bureau of Human Resources, specifically.

### Seventeenth Defense

_____The Plaintiffs' failed to mitigate their damages, if any.

### Eighteenth Defense

Plaintiffs are barred from pursuing claims and from recovering damages for emotional distress, mental anguish and other similar alleged injuries because Defendants did not engage in acts or omissions which rise to the level required to allow for any such claims or recovery.

### Nineteenth Defense

Defendants deny that Plaintiffs suffered any emotional, psychological and/or personal injury whatsoever as a result of actions taken by the Defendants.

### Twentieth Defense

Any employment actions Defendants took with respect to Plaintiffs, if any, were based on lawful, reasonable and permissible factors and not on the basis of a protected characteristic, including race.

### Twenty-First Defense

These Defendants plead the doctrine of laches.

### Twenty-Second Defense

The Plaintiffs are not allowed to claim or recover punitive damages from any of the Defendants herein because to allow such would violate the substantive and procedural safeguards guaranteed to Defendants by the United States Constitution or the Alabama Constitution.

### Twenty-Third Defense

_____The State of Alabama is not subject to the assessment of actual compensatory or punitive damages.

### Twenty-Fourth Defense

The Plaintiffs are not entitled to recover punitive damages in that any such award would violate the procedural safeguards guaranteed to Defendants by the Sixth Amendment of the United States Constitution, in that such damages are penal in nature. Consequently, Defendants are entitled to the same procedural safeguards afforded criminal Defendants, including the protection from self incrimination and a burden of proof equivalent to the "beyond a reasonable doubt" standard. Thus, to the extent Plaintiffs seek punitive damages, such claims are barred.

### Twenty-Fifth Defense

_____Plaintiffs' claims are barred by the doctrine of equitable estoppel.

### Twenty-Sixth Defense

Plaintiffs have not suffered irreparable harm and are not now suffering harm or any violation of their State or Federal statutory or constitutional rights and they are not entitled to injunctive relief. If Plaintiffs are entitled to any relief, and these Defendants deny that they are entitled to any relief, said relief is available *in toto* through adequate remedies at law.

### Twenty-Seventh Defense

_____To the extent that Plaintiffs attempt to state a cause of action Under Title VII for alleged acts of discrimination occurring outside the statutory time period for filing of

charges with the Equal Employment Opportunity Commission ("EEOC"), such cause of action is time barred.

### Twenty-Eighth Defense

To the extent that Plaintiffs' claims were not included within an administrative charge of discrimination filed with the EEOC and were, therefore, neither investigated nor the subject of an administrative determination by the EEOC, Plaintiffs have failed to satisfy the conditions precedent to filing an action under Title VII.

### Twenty-Ninth Defense

Defendants plead justification as to all counts of Plaintiffs' First Amended Complaint, including, without limitation, any and all counts alleging Intentional Interference with Contract or Business Relation and any and all Counts alleging Conspiracy to Interfere.

### Thirtieth Defense

These Defendants plead all constitutional protections under the Constitution of the United States of America.

### Thirty-First Defense

Plaintiffs' claims against Defendants fail because Plaintiffs have not suffered any damages.

### Thirty-Second Defense

Plaintiffs' claims are barred by the statute of limitations applicable to each of the Plaintiffs' claims.

### Thirty-Third Defense

These Defendants deny that they were part of any conspiracy.

### Thirty-Fourth Defense

These Defendants plead contributory negligence as a defense to any claim or cause of action against them for negligence.

### Thirty-Fifth Defense

These Defendants plead assumption of the risk as a defense to any claim or cause of action against them for negligence.

### Thirty-Sixth Defense

The Plaintiffs' theory of action under 42 USC §1981 is not applicable to the facts pld in the First Amended Complaint and is not applicable to the actual facts of the case and is, therefore, due to be stricken or dismissed.

### Thirty-Seventh Defense

_____The EEOC Determination dated February 8, 2007 is void and of no effect because said Determination is based upon so-called "facts" stated in said Determination which are erroneous and, therefore, the Determination is due to be stricken, rendered void and of no effect herein.

### Thirty-Eighth Defense

The EEOC Determination dated July 10, 2006 is the only valid Determination by EEOC relative to the charges filed with EEOC by the Plaintiffs herein and said Determination, which is quoted in this Answer, should be found by the Court to apply to this civil action and should be given appropriate effect herein.

### Thirty-Ninth Defense

The EEOC Determination dated February 8, 2007 is void and invalid because EEOC failed to properly follow its regulations relative to reconsideration of a prior Determination.

### Fortieth Defense

The reconsideration of the July 10, 2006 EEOC Determination by EEOC violated the procedural due process rights of these Defendants because EEOC failed or refused to provide adequate notice to these Defendants regarding the reason or reasons for said reconsideration rendering these Defendants unable to defend, refute and adequately take measures to protect themselves regarding said reconsideration.

### Forty-First Defense

The Plaintiffs failed to exhaust administrative remedies regarding any race discrimination claim or cause of action stated in the First Amended Complaint against the following persons in their official and individual capacities: John Houston, Commissioner of the Department of Mental Health and Mental Retardation; Otha Dillihay, Associate Commissioner of Administration of the Department; Henry R. Ervin and Marilyn Benson.

### Forty-Second Defense

These Defendants are due to be dismissed pursuant to sovereign immunity and Article 1, §14 of the Constitution of Alabama (1901).

### Forty-Third Defense

These Defendants are due to be dismissed pursuant to State-Agent Immunity, as set forth in *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000).

**Forty-Fourth Defense**

The awarding of discretionary, compensatory damages for emotional distress and mental suffering by Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the ascertainment of compensatory damages recoverable for emotional distress and mental suffering. The amount of damage for such a claim is left to the discretion of the jury with no specific much less objective standards for the award. Therefore, the procedure pursuant to which compensatory damages for emotional distress and mental suffering are awarded violate the Constitution for the following reasons:

  a)  It fails to provide a reasonable limit on the amount of the award against a Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

  b)  it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

  c)  It results in the imposition of different compensation for the same or similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution.

  d)  It constitutes depravation of property without due process of law.

### Forty-Fifth Defense

The award of punitive damages to the Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

The award of punitive damages to Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

    a.    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendments of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

    b.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgements against multiple defendants for differed alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

    c.    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    d.    the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    e.    the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties of the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

    f.    the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum

criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

g.   the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the united States Constitution.

Plaintiffs' attempt to impose punitive or extra contractual damages on Defendants on the basis of vicarious liability violates the Fifth, Eight, and Fourteenth Amendments of the United States Constitution.

The award of punitive damages to the Plaintiffs in this case constitutes a depravation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

The award of punitive damages to the Plaintiffs violates the Due Process Clause of Article I, Section 6 of the Constitution of the State of Alabama on the following grounds:

a.   it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiffs satisfying a burden  of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.   the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Defendants;

c.   the procedures pursuant to which punitive damages  are awarded are unconstitutionally vague;

d.   the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

e.   the award of punitive damages in this case constitutes a deprivation of property without due process of law,

The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of the State of Alabama.

The award of punitive damages to the Plaintiffs in this action violates the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of the State of Alabama.

The award of punitive damages to Plaintiffs in this action violates the Due Process Clause of Article I, Section 6 of the Constitution of the State of Alabama and Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that the Defendants were not given any notice pursuant to Plaintiffs' First Amended Complaint, as amended, that Plaintiffs would request an award of punitive damages pursuant to the counts under Alabama common law.

### Forty-Sixth Defense

Punitive damages may not be awarded in any civil action unless it is proven by clear and convincing evidence that the Defendants consciously or deliberately engaged in oppression or fraud, or acted with wantonness or malice with regard to the Plaintiffs.

These Defendants plead all applicable provisions of the Alabama Punitive Damages Statute pursuant to Code of Alabama 1975 §6-11-20, *et. seq*.

### Forty-Seventh Defense

These Defendants plead the constitutional punitive damage defenses outlined in *BMW of North America v. Gore*, 517 U.S. 559 (1996).

### Forty-Eighth Defense

These Defendants plead the constitutional punitive damages defenses outlined in *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

### Forty-Ninth Defense

These Defendants plead the higher standard for the award of punitive damages set forth in *Kolstad v. American Dental Asso.*, 527 U.S. 526 (1999).

### Fiftieth Defense

### Defenses to Request for Judgment In Count One

These Defendants deny that the Plaintiffs are entitled to the relief requested in sections "A" through "E" of the prayer for relief in Count One.  Specifically, these Defendants aver:

(a)    These Defendants deny the allegations in Count One and reassert their specific responses to paragraphs One through Forty-Three of the First Amended Complaint and assert all applicable affirmative and separately pled defenses.  The declaratory relief requested is not warranted.

(b)    The Plaintiffs are not entitled to a preliminary or permanent injunction.  The Plaintiffs have not suffered irreparable harm or any harm not addressable by adequate legal remedies.  These Defendants reaver and reassert all applicable defenses pled in this Answer.

(c)    The Plaintiffs are not entitled to the relief requested.  These Defendants reaver and reassert all applicable defenses pled herein.

(d)    These Defendants reaver and reassert all defenses pled herein.

(e)    These Defendants aver that the Plaintiffs are not entitled to the recovery of costs, attorneys' fees and other relief and reaver and reassert all applicable defenses herein.

### Fifty-First Defense

### Defenses to Request for Judgment In Count II and Count III

These Defendants deny that the Plaintiffs are entitled to the relief requested in sections "A" through "D" of the prayer for relief in Count II and in Count III.  These Defendants reaver and reassert all applicable defenses pled in this Answer and in the Defenses to Request for Judgment in Count I, subparts (a), (b), (d) and (e).

### AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a cause of action upon which relief may be granted.

2.    This Defendant pleads the statute of frauds.

3.    The claims asserted by the Plaintiffs are barred by estoppel.

4.    Defendants complied with all applicable laws, regulations, and guidelines.

5.    Defendants plead lack and/or failure of consideration.

6.    The Plaintiffs' injuries and/or damages, if any, were not the result of any act or omission on the part of these Defendants but exist, if at all, by reason of Plaintiffs' own conduct.

7.    Should Defendants be held liable to the Plaintiffs, which liability is specifically denied, Defendants would be entitled to a setoff for wages and benefits previously paid to the Plaintiffs during the period beginning with the alleged wrongs and ending at a time to be determined in the future.

8.      The terms of any contract, as alleged by the Plaintiffs, if any, would have constituted an illegal contract and would be unenforceable as a matter of law.

9.      Plaintiffs are not due to recover against Defendants because the alleged damages suffered by Plaintiffs, if any, were not proximately caused by Defendants.

10.     Defendants reserve the right to interpose further defenses to which it may be entitled as revealed by further proceedings.

11.     Defendants reserve the right to amend their Answer to add any additional affirmative defenses or other defenses.

12.     These Defendants aver that Plaintiffs are not entitled to compensatory or punitive damages under Title VII because there was no intentional discrimination and because these Defendants did not act with malice or reckless indifference.

13.     These Defendants plead the applicable damages cap under Title VII.

14.     These Defendants aver that the Plaintiffs are not entitled to back pay, front pay or any other equitable relief under Title VII because they have failed to do equity and because of all other equitable defenses set forth in this Answer.

15.     These Defendants plead all damages caps under Title VII based upon the number of employees who are employed by one or more of these Defendants.

16.     These Defendants plead the Bona Fide Occupational Qualification Defense.  The Plaintiffs do not possess any college degree and do not possess any masters degree. These Defendants plead all other disqualifying factors, known and unknown, at this time.

17.    These Defendants plead the test applied in race discrimination cases adopted by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

18.    The Plaintiffs herein are not entitled to recover in this action because they did not apply for the job in question in spite of their contention during the application time period that they were qualified for the job.

19.    The Plaintiffs herein are not entitled to recover in this action because, even if they were qualified and met all criteria for the job in question, two Plaintiffs have sued for denial of their rights regarding the same job for which only one person would be hired.  Further, the job in question is unique and only one such job by its description and specification exists within the Alabama State Department of Mental Health and Mental Retardation Central Human Resources Office.

20.    The Plaintiffs are not entitled to recover in this action because these Defendants based their actions and decisions in all respects upon legitimate, nondiscriminatory reasons.  These Defendants established the specification for the job in question requiring a bachelor degree and a masters degree in relevant fields without use of the "substitution clause" or the allowance of the substitution of experience for education in order to increase the professionalism of the job and the Bureau of Human Resources.  The Plaintiffs do not have a bachelor degree.  The Plaintiffs do not have a masters degree. The Plaintiffs are high school graduates.

21.    Punitive damages may not be awarded in any civil action unless it is proven by clear and convincing evidence that the Defendants consciously or deliberately engaged in oppression or fraud, or acted with wantonness or  malice with regard to the Plaintiffs.

22.    These Defendants plead all applicable provisions of the Alabama Punitive Damages Statute pursuant to *Code of Alabama* 1975 § 6-11-21, *et seq*.

23.    With regard to the allegations of intentional interference with contract and business relations, these Defendants plead justification.

24.    With regard to the count alleging conspiracy, these Defendants aver that there can be no liability for a conspiracy under a theory of agency or *respondeat superior*.

25.    These Defendants plead all State statutory, regulatory/regulations, rules and policies affecting and/or regarding the Alabama State Department of Mental Health and Mental Retardation's exempt classification system for the hiring, attaining and maintaining a qualified workforce of professionals and nonprofessionals, including *Code of Alabama* 1975, §22-50-9, §22-50-11, and §22-50-40, 41, 42 and 43.  Additionally, these statutes, regulations, rules and policies include, but are not limited to, DMH-MR Policy No. 60-20, Equal Employment Opportunity; DMH-MR Policy No. 60-22, Job Evaluation Committee; and DMH-MR Policy No. 60-92, Exempt Selection Procedure.  These Defendants by specifically listing certain statutes and policies in no way intend to and do not waive the applicability of any other or additional statutory provisions, regulations, rules and policies applicable hereto.

26.    The assertion of any defense in this Answer under a heading of Affirmative Defense is not intended to and does not create a greater burden of proof upon these Defendants

if the defense asserted is not technically considered an affirmative defense. Defenses are

pled specifically herein to give notice to the Court and the Plaintiffs of specifics about these

Defendants' defenses.

### CLAIM FOR ATTORNEY FEES AND COSTS

To the extent that these Defendants may be entitled to the award of costs and

attorney fees herein, these Defendants do now and for the future expressly preserve their

right to make claim for cost and attorney fees.


       /s/H. E. Nix, Jr._____
       H.E. NIX, JR. (NIX007)
       BRANDY F. PRICE (PRI079)
       Counsel for Defendants


OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - facsimile
cnix@nixholtsford.com
bprice@nixholtsford.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm e-mail to

| | |
|---|---|
| J. Flynn Mozingo<br>*Melton, Espy & Williams, P.C.*<br>P. O. Drawer 5130<br>Montgomery, AL 36103-5130 | Courtney W.Tarver<br>Deputy Atty. General and Gen. Counsel<br>Bureau of Legal Services<br>Dept. of Mental Health<br> and Mental Retardation<br>RSA Union Building<br>100 N. Union Street<br>Montgomery, AL 36130-1410 |

on this the 19th day of September, 2007.

/s/H. E. Nix, Jr._____
OF COUNSEL

EEOC Form 161 (3/98)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Karen Hubbard<br>2534 Poplar Street<br>Montgomery, AL 36107 | From: | *U. S. EQUAL EMPLOYMENT*<br>*OPPORTUNITY COMMISSION -*<br>*BIRMINGHAM DISTRICT OFFICE*<br>Ridge Park Place<br>1130 22nd Street South, Suite 2000<br>Birmingham, AL 35205-1130 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2006-01138 | **Lula Bell, Investigator** | (205) 212-2074 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Beverly B. Hinton for*                    7/10/06

Bernice Williams-Kimbrough, District Director          *(Date Mailed)*

Enclosure(s)

cc:   **Courtney W. Tarver**



DEFENDANT'S
EXHIBIT
1

EEOC Form 161 (3/93)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Joan E. Owens**<br>**319 Ross Road**<br>**Wetumpka, AL  36092** | From: **U. S. EQUAL EMPLOYMENT**<br>**OPPORTUNITY COMMISSION**<br>**BIRMINGHAM DISTRICT OFFICE**<br>*Ridge Park Place*<br>*1130 22nd Street South, Suite 2000*<br>*Birmingham, AL 35205-1130* |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

RECEIVED
JUL 2006
DMH/MR
Legal Division

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2006-01123** | **Lula Bell, Investigator** | **(205) 212-2074** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Beverly B. Hinton for*                                    7/10/06

Bernice Williams-Kimbrough, District Director                    *(Date Mailed)*

Enclosure(s)

cc:    **Courtney W. Tarver**

*Husband*
*for sa*

Nov-29-2006  10:32am  From-EEOC              +2052122105         T-200  P.003/003  F-430



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Birmingham District Office

Ridge Park Place
1130 22ⁿᵈ Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge Number: 420-2006-01138

Karen Hubbard                         Charging Party
124 W. Wareingwood Drive
Montgomery, AL 36109

Alabama Department of Mental Health        Respondent
Post Office Box 301410
Montgomery, AL 36130

### NOTICE OF INTENT TO RECONSIDER

This letter is to inform you that the Commission will reconsider the Letter of Determination for charge 420-2006-01138, issued on July 10, 2006. The authority for this action is found in the Commission's Rules and Regulations, §1601.21(b). Upon completion of additional review and reconsideration, the Letter of Determination will be reissued.

On behalf of the Commission:

**OCT. 0 5 2006**

—————————————
(Date Mailed)

*Beverly B. Hinton for*
Bernice Williams-Kimbrough, District Director

DEFENDANT'S
EXHIBIT
2
PENGAD-Bayonne, N.J.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge Number: 420-2006-01123

Joan E. Owens                                    Charging Party
319 Ross Road
Wetumpka, AL 36092

Alabama Department of Mental Health              Respondent
Post Office Box 301410
Montgomery, AL 36130

<u>NOTICE OF INTENT TO RECONSIDER</u>

This letter is to inform you that the Commission will reconsider the Letter of Determination for charge 420-2006-01123, issued on July 10, 2006. The authority for this action is found in the Commission's Rules and Regulations, §1601.21(b). Upon completion of additional review and reconsideration, the Letter of Determination will be reissued.

On behalf of the Commission:

**OCT 0 5 2006**
_____            _____
(Date Mailed)                  Bernice Williams-Kimbrough, District Director