**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JOAN FAULK OWENS and<br>KAREN LYNN HUBBARD, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  2:07-cv-650 |
| | ) | |
| STATE OF ALABAMA DEPT. OF | ) | |
| MENTAL HEALTH AND MENTAL | ) | |
| RETARDATION, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT OF PARTIES' PLANNING MEETING

COME NOW the parties, by and through counsel, and submit their Report of Planning Meeting after having conferred pursuant to the Court's Rule 26(f) Order dated September 20, 2007.

1.    Pursuant to *Federal Rules of Civil Procedure* 26(f), a meeting was held on October 11, 2007, by conference call for the purpose of developing this Report of Parties' Planning Meeting.  This conference call meeting was attended by the following attorneys:

> *Counsel for the Plaintiffs Joan Faulk Owens*
> *and Karen Lynn Hubbard*
> J. Flynn Mozingo, Esq.
> *Melton, Espy & Williams, P.C.*
> P. O. Drawer 5130
> Montgomery, AL 36103-5130
> 334-263-6621
> 334-263-7252 - Facsimile
> fmozingo@mewlegal.com

*Counsel for All Defendants*
H.E. Nix, Jr.
Brandy F. Price
*Nix, Holtsford, Gilliland, Higgins &*
   *Hitson, P. C.*
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
334-215-7101 - Facsimile
cnix@nixholtsford.com
bprice@nixholtsford.com

2.    **PRE-DISCOVERY DISCLOSURES:**    The parties shall exchange the information required by the *Federal Rules of Civil Procedure* 26(a)(1) by October 31, 2007. The parties, through counsel, discussed issues related to electronically-stored information, potentially in the possession of the Defendants. The methodology of computer usage by the Alabama Department of Mental Health and Mental Retardation includes the shared use of a large computer bank housed at the Alabama Department of Finance. The DMH/MR uses servers within DMH/MR, as well. Additionally, individuals within DMH/MR have computers at their desks upon which various information may be stored. Therefore, because of the complexity of the computer/electronic storage methodology and facilities of DMH/MR, additional time may be needed for the purpose of submitting information concerning electronically-stored information pursuant to 26(1)(b) hereof by Defendants. The parties have agreed to work together informally in this regard and will do so unless the Court prefers to establish another method of dealing with this issue.

3.    **DISCOVERY PLAN:** The parties jointly propose to the Court the following discovery plan:

DISCOVERY will be needed on the following subjects:

The nature, extent, scope and substance of the Plaintiffs' factual allegations and legal theories;

All damages and other relief claimed by the Plaintiffs;

Plaintiffs' efforts to mitigate damages and all of the defenses set forth in the Defendants' Answer.

**DISCLOSURE** or discovery of electronically stored information should be handled as follows:

Pursuant to Item No. 2 above, relative to 26(a)(1) disclosures, the parties will work together informally by agreement, unless the Court prefers that some other method be used.

All discovery shall be commenced in time to be completed by July 29, 2008, which is ninety days prior to October 27, 2008, the requested date for the trial of this case.

A maximum of twenty-five (25) Interrogatories may be served by each party to any other party or parties. Responses are due thirty (30) days after service.

A maximum of twenty-five (25) Requests for Admission may be served by each party to any other party or parties. Responses are due thirty (30) days after service.

A maximum of twelve (12) depositions may be taken by the Plaintiffs and twelve (12) depositions may be taken by the Defendants. The number of depositions that may be necessary in this matter could be greater than twelve (12) per party. There are potentially numerous witnesses related to the facts of this case. Therefore, the parties hereto have agreed to work out between them the taking of depositions beyond the number of twelve by agreement of the parties. The depositions of the Plaintiffs and the Defendants in this matter shall be limited to eight (8) hours each. The depositions of witnesses shall be

limited to six (6) hours each. These time frames may be changed by agreement of the parties.

**REPORTS FROM RETAINED EXPERTS UNDER RULE 26(a)(2)** are due:

Plaintiffs:    By 90 days prior to the discovery cutoff date.

Defendants:  By 45 days prior to the discovery cutoff date.

Any and all supplementations with regard to 26(a)(1) disclosures pursuant to Rule 26(e) are due no later than 90 days after the entry of the Court's Uniform Scheduling Order, unless otherwise agreed between the parties or allowed by the Court upon appropriate motion.

4.    **OTHER ITEMS:**

The parties do not request a conference with the Court before entry of the Scheduling Order.

The parties request a Pretrial Conference approximately six (6) weeks prior to the trial date.

The parties respectfully request that the Court schedule this case for trial on the Court's October 27, 2008 trial term, in view of the extensive amount of discovery that will be required in the case.

The Plaintiffs should be allowed until one hundred sixty (160) days after the filing of the Defendants' Answer to join additional parties and amend the pleadings.

The Defendants should be allowed until one hundred ninety (190) days after the filing of the Defendants' Answer or thirty (30) days after the Plaintiffs' amendment or

joinder of additional parties, whichever is greater, to join additional parties and amend the pleadings.

All potentially dispositive motions should be filed on or before ninety (90) days prior to the Pretrial Hearing.

The parties have discussed the possibility of settlement. At this time, the parties report to the Court that settlement is not possible. However, the parties are in agreement that settlement discussions should continue as appropriate throughout the course of this matter and that the option of requesting mediation should remain open to the parties so that, if the parties believe mediation would be helpful in the case, mediation may be requested at the appropriate and most feasible time.

A final list of witnesses and exhibits under Rule 26(a)(3) should be due from the parties on or before seven (7) days prior to the Pretrial Conference or forty (40) days prior to trial, whichever is greater.

The parties should have until fifteen (15) days before trial to object to witnesses and exhibits, pursuant to Rule 26(a)(3).

The parties should have until thirty (30) days before trial to file motions in limine and other preliminary trial motions.

The case should be ready for trial by October 20, 2008 and is expected to take approximately five (5) days to try.

WHEREFORE, the parties, by and through counsel, respectfully submit this Report of Parties' Planning Meeting.

| | |
|---|---|
| **/s/ H. E. NIX, JR.** | **/s/ J. FLYNN MOZINGO** |
| H.E. Nix, Jr. (ASB-6988-X54H) | J. Flynn Mozingo, Esq. |
| Brandy F. Price (ASB-4691-A63P) | Counsel for Plaintiffs |
| Counsel for Defendant | *Melton, Espy & Williams, P.C.* |
| *Nix, Holtsford, Gilliland, Higgins &* | P. O. Drawer 5130 |
| *Hitson, P. C.* | Montgomery, AL 36103-5130 |
| Post Office Box 4128 | 334-263-6621 |
| Montgomery, Alabama 36103-4128 | 334-263-7252 - Facsimile |
| 334-215-8585 | fmozingo@mewlegal.com |
| 334-215-7101 - Facsimile | |
| cnix@nixholtsford.com | |
| bprice@nixholtsford.com | |