IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOAN FAULK OWENS and<br>KAREN LYNN HUBBARD,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF ALABAMA, DEPT. OF<br>MENTAL HEALTH AND MENTAL<br>RETARDATION, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 2:07-cv-650<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION FOR ENTRY OF HIPAA ORDER**

COME NOW the Defendants, by and through counsel, and respectfully request this Honorable Court to sign and enter the attached HIPAA Order in this case. Said Order is necessary so that the Defendants may obtain medical records which are relevant and material to the personal injury claims asserted against the Defendants by the Plaintiffs in this case.

WHEREFORE, PREMISES CONSIDERED, the Defendants respectfully request this Honorable Court to sign and enter the attached HIPAA Order so the Defendants may utilize said order to begin discovery of relevant and material medical information with respect to the Plaintiffs.

Respectfully submitted this the 20th day of June, 2008.

                                               /s/ H. E. Nix, Jr.
                                               H. E. Nix, Jr. (ASB-6988-X54H)
                                             Counsel for the Defendants

OF COUNSEL:
*NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.*
P. O. Box 4128
Montgomery, Alabama 36103
334-215-8585
334-215-7101
cnix@nixholtsford.com
bprice@nixholtsford.com


## CERTIFICATE OF SERVICE

      I hereby certify that I have filed the foregoing instrument with the Clerk of the Court via the CM/ECF system and have served the same via U.S. Mail, postage prepaid and properly addressed, and/or by personal service or firm e-mail upon the following:

J. Flynn Mozingo, Esq.
Melton, Espy & Williams, P.C.
PO Drawer 5130
Montgomery, AL 36103-5135

Courtney W. Tarver, Esq.
Deputy Attorney General and
General Counsel
Bureau of Legal Services
Dept. of Mental Health and Mental Retardation
RSA Union Building
100 N. Union St.
Montgomery, AL 36130-1410

      Done this the 20th day of June, 2008.

                                        /s/H.E. Nix, Jr.
                                        OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOAN FAULK OWENS and<br>KAREN LYNN HUBBARD,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF ALABAMA, DEPT. OF<br>MENTAL HEALTH AND MENTAL<br>RETARDATION, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 2:07-cv-650<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## HIPAA ORDER

    Upon compliance with Rule 45 of the Federal Rules of Civil Procedure, the attorneys for the Defendants in this lawsuit are permitted to inspect, copy or obtain copies of all health information relating to the Plaintiffs, Joan Faulk Owens and Karen Lynn Hubbard, in this case subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure pertaining to the scope and limits of discovery. The attorneys for the Defendants in the lawsuit likewise may seek to depose any of the Plaintiffs' health care providers. All of the above, including without limitation, records and depositions, shall be considered "Protected Health Information." All Protected Health Information shall be held in confidence by the Defendants and not divulged to any person other than as necessary for use in this case. At the conclusion of this case, if the lawyer for the Defendants has obtained any Protected Health Information concerning Ms. Owens or Ms. Hubbard, the lawyer for the Defendants shall either return said Protected Health Information to the lawyer for the Plaintiffs herein, or shall destroy said Protected Health Information at the option of the Plaintiffs' lawyer.

    This Court Order authorizes the Plaintiffs' health care providers who are served with a subpoena requesting the production of Protected Health Information or commanding attendance at a deposition or at trial to provide said Protected Health Information pursuant to said subpoena and this Order.

    Nothing in this Order shall be deemed to relieve any party or attorneys from the requirements of the Federal Rules of Civil Procedure or the confidentiality provisions of this HIPAA Order. Nothing in this Order prohibits disclosure by a health care provider of confidential communications by the Plaintiffs which are contained in said Protected Health Information. Nothing contained in this Order shall prevent disclosure of a Plaintiff's mental or emotional condition, or information relative thereto pursuant to the provisions of this Order.

      Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, except an agent or employee of the attorney on a confidential basis, except that, if relevant, said Protected Health Information and testimony regarding said information shall be admissible in any deposition or at the trial of this case. If any such Protected Health Information is admitted in evidence in the trial of this case, said information shall be sealed for confidentiality purposes at the conclusion of the trial.

      Done this _____ day of _____, 2008.

_____
UNITED STATES DISTRICT COURT JUDGE

cc:    H.E. Nix, Jr.
       J. Flynn Mozingo
       Courtney Tarver