IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOAN FAULK OWENS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 2:07-cv-650-WHA |
| ) | |
| STATE OF ALABAMA, DEPT. OF ) | |
| MENTAL HEALTH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION AND HIPAA PROTECTIVE ORDER**

Pending before the Court is *Defendants' Motion for Entry of HIPAA Order* (Doc. 30, filed June 20, 2008). Having been advised that plaintiffs have no objection to the Protective Order proposed by the defendants, the motion is hereby **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

Upon compliance with Rule 45 of the Federal Rules of Civil Procedure, the attorneys for the Defendants in this lawsuit are permitted to inspect, copy, or obtain copies of all health information relating to the Plaintiffs, Joan Faulk Owens and Karen Lynn Hubbard, in this case subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure pertaining to the scope and limits of discovery. The attorneys for the Defendants in the lawsuit likewise may seek to depose any of the Plaintiffs' health care providers. All of the above, including without limitation, records and depositions, shall be considered "Protected Health Information." All Protected Health Information shall be held in confidence by the Defendants and not divulged to any person other than as necessary for use in this case. At the conclusion of this case, if the lawyer for the Defendants has obtained any Protected Health Information concerning Ms. Owens or Ms. Hubbard, the lawyer for the Defendants

shall either return said Protected Health Information to the lawyer for the Plaintiffs herein, or shall destroy said Protected Health Information at the option of the Plaintiffs' lawyer.

This Court Order authorizes the Plaintiffs' health care providers who are served with a subpoena requesting the production of Protected Health Information or commanding attendance at a deposition or at trial to provide said Protected Health Information pursuant to said subpoena and this Order.

Nothing in this Order shall be deemed to relieve any party or attorneys from the requirements of the Federal Rules of Civil Procedure or the confidentiality provisions of this HIPAA Order. Nothing in this Order prohibits disclosure by a health care provider of confidential communications by the Plaintiffs which are contained in said Protected Health Information. Nothing contained in this Order shall prevent disclosure of a Plaintiff's mental or emotional condition, or information relative thereto pursuant to the provisions of this Order.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, except an agent or employee of the attorney on a confidential basis, except that, if relevant, said Protected Health Information and testimony regarding said information shall be admissible in any deposition or at the trial of this case. If any such Protected Health Information is admitted in evidence in the trial of this case, said information shall be sealed for confidentiality purposes at the conclusion of the trial.

.

DONE this 27th day of June, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE