IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOAN FAULK OWENS and KAREN LYNN HUBBARD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CASE NO- 2:07-cv-650-WHA ) |
| STATE OF ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, et al. | ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER DATED JUNE 30, 2008 AND REPLY TO DEFENDANTS' OBJECTION TO AND MOTION TO DENY PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

**COME NOW**, the Plaintiffs, Joan Faulk Owens and Karen Lynn Hubbard, and in response to the Court's Order dated June 30, 2008 and in reply to the Defendants' Objection to and Motion to Deny Plaintiffs' Motion for Leave to Amend, state as follows:

1. The Plaintiffs have no objection to the Defendants' Motion to Supplement Exhibits filed on or about June 28, 2008.

2. With regard to the Defendants' Objection to Plaintiffs' Motion for Leave to Amend Complaint, the Defendants have misinterpreted and misconstrued the Plaintiffs' Motion and the Plaintiffs' Second Amended Complaint.

3. The Plaintiffs do not desire to amend their Complaint to assert a disparate impact claim. A disparate impact claim is a theory of liability under Title VII of the Civil Rights Act of 1964. See Ferguson v. Veterans Administration, 723 F. 2d 871, 872 (11th Cir. 1984)

("Discrimination under Title VII may be based upon disparate treatment of an individual employee compared to other employees, for disparate impact of employment practices upon protected groups of employees, or both.")

4. The Plaintiffs have not and do not seek to amend Count I of their Complaint which asserts a cause of action under Title VII of the Civil Rights Act of 1964. To the contrary, as set forth in the Plaintiffs' Motion for Leave of Court, the intent of the Second Amended Complaint is to re-state and clarify their claim for Fourteenth Amendment violations based upon arbitrary and capricious conduct by the Defendants in the creation, establishment and filling of the position of Assistant Departmental Personnel Manager, irrespective of racial intent or animus, and deliberate indifference to the Plaintiffs' complaints that the establishment, creation and filling of such position would violate their constitutional rights. The basis of such claim is set forth in Count III of the Second Amended Complaint.

5. The Second Amended Complaint is in response to recent deposition testimony primarily given by Defendants Marilyn Benson and Commissioner John Houston. The depositions were taken on June 24 and 26, 2008, and were completed less than one week ago. Plaintiffs are still awaiting the deposition testimony to be transcribed by the court reporter.

6. Specifically, such deposition testimony establishes that the Alabama Department of Mental Health and Mental Retardation is allowed by law to create its own job classification system that is exempt from the state merit system that is established and operated by the State Personnel Department. The testimony shows that the Alabama Department of Mental Health has created a classification system, including classifications for positions of administrators, personnel managers and personnel specialists, among other classes.

7. The testimony shows that the Alabama Department of Mental Health created a "new" position for Assistant Departmental Personnel Manager and that the job specification and requirements for such position are identical to the qualifications and experience of Defendant Marilyn Benson, who was actually given the duty and responsibility of researching and preparing the job specification.

8. The job specification drafted by Defendant Benson is inconsistent with the job specifications for related and/or similar jobs within the same or similar classifications, and prohibits the substitution of experience for education. Indeed, the evidence will show that the Departmental Personnel Manager, Defendant Henry Irvin, who is Defendant Benson's direct supervisor, would himself not qualify for the position of Departmental Assistant Personnel Manager.

9. The testimony also shows that the Plaintiffs, who previously held the same title and pay grade as Defendant Benson, wished to apply for the job of Departmental Assistant Personnel Manager, and advised Defendant Commissioner John Houston and other Defendants that the position of Departmental Assistant Personnel Manager and/or the qualifications related thereto were specifically being drafted for the benefit of Defendant Benson and/or such job was being created for the benefit of Defendant Benson, and that such actions of the Defendants would violate the Plaintiffs' constitutional rights.

10. The testimony shows that with deliberate indifference thereto, the Defendants, each and every one of them, conspired or joined together to create and establish the position of Departmental Assistant Personnel Manager specifically for Marilyn Benson, and/or to otherwise establish job qualifications for such position that provided Marilyn Benson with a competitive advantage over similarly situated departmental employees wishing to apply for such position, all in

violation of the Department's policies and Alabama law.

11.     Accordingly, the Plaintiffs seek to amend Count III of their Complaint to assert a violation of the Fourteenth Amendment to the United States Constitution based upon arbitrary and capricious conduct by the Defendants and deliberate indifference to the Plaintiffs' constitutional rights irrespective of Defendants' racial intent or animus. Therefore, the Plaintiffs are not seeking to assert a disparate impact claim but are expressly seeking to clarify their Fourteenth Amendment Violation claim in Count III of the pleadings.

12.     The only basis given for the Defendants' Objection to the Motion for Leave to Amend Complaint is the Defendants' misplaced contention that the Plaintiffs are seeking to add a disparate impact claim which, as stated herein, is incorrect. Other than stating that Plaintiffs should not be allowed to assert a disparate impact claim, the Defendants have given no reason or basis for denying the Plaintiffs' Motion for Leave to Amend Complaint.

13.     Furthermore, because the Motion for Leave to Amend Complaint and the Plaintiffs' Second Amended Complaint is based upon evidence of record consisting of the deposition testimony of the Defendants, the Plaintiffs, and the discovery exchanged between them, the Defendants cannot be prejudiced by the proposed amendment to the pleadings. Therefore, the Plaintiffs' Motion for Leave to Amend should be granted as liberally allowed by Rule 15(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiffs respectfully request that their Motion for Leave to Amend be granted and that the Plaintiffs be freely allowed to amend their Complaint to conform to the evidence as allowed by Rule 15(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this the  2nd  day of July, 2008.

                                                  s/J. Flynn Mozingo
J. Flynn Mozingo (MOZ003)
Attorney for Plaintiffs
Melton, Espy & Williams, P.C.
P. O. Drawer 5130
Montgomery, AL   36103-5130
Telephone:   (334) 263-6621
Facsimile:   (334) 263-7525
fmozingo@mewlegal.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I have filed the foregoing electronically with Clerk of the Court using the ECF/CM system and a copy of the foregoing will be served on the below listed counsel of record via such system on this the  2nd  day of July, 2008:

| | |
|---|---|
| H.E. NIX, JR. | COURTNEY W. TARVER |
| Nix, Holtsford, Gilliland, | Deputy Atty. General and Gen. Counsel |
| Higgins & Hitson, P.C. | Bureau of Legal Services |
| Post Office Box 4128 | ADMH/MR |
| Montgomery, AL 36103-4128 | RSA Union Building |
| | 100 N. Union Street |
| | Montgomery, AL 36130 |

                                                  s/J. Flynn Mozingo
OF COUNSEL