IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOAN FAULK OWENS and<br>KAREN LYNN HUBBARD,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF ALABAMA DEPT. OF<br>MENTAL HEALTH AND MENTAL<br>RETARDATION, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    2:07-cv-650<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' MOTION TO FILE SUPPLEMENTAL AND SUBSTITUTE BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW the Defendants herein, by and through undersigned counsel, and move to file the attached Supplemental and Substitute Brief with Exhibits pursuant to permission from the Court to supplement their Brief with newly received deposition transcripts and exhibits from the depositions of Commissioner John Houston and Marilyn Benson. The previously-filed Motion for Summary Judgment remains unchanged. Counsel for these Defendants represents to the Court as follows with regard to the attached Supplemental and Substitute Brief:

    1.    The Court granted these Defendants' Motion to Supplement the Brief with the depositions of Commissioner John Houston and Marilyn Benson, both of whom are Defendants in the case and whose depositions were taken respectively on June 26 and June 24, 2008. Additionally, the Court granted these Defendants' Motion to Supplement

the Brief to include in the affidavit of Becky Burell a statement indicating that this affidavit is based upon her personal knowledge.

2. The attached Supplemental and Substitute Brief contains various changes to the previously-filed Brief as follows:

A. Page and line numbers have been inserted for certain statements of fact about which Commissioner Houston or Ms. Benson testified in their depositions;

B. If the page and line numbers inserted in the attached Brief include an exhibit reference, the referenced exhibits have been attached to this Supplemental and Substituted Brief and have been assigned a number, separate and apart from the original exhibit number referenced in the deposition. While a different reference number has been assigned for each such exhibit, the deposition exhibit number is, nevertheless, also contained on the exhibit for the Court's reference in reviewing the deposition testimony. This is true with one exception. Plaintiff's Exhibit 19 used in Commissioner Houston's deposition is simply inserted as the last page of the Houston deposition pages labeled Exhibit "32" to the Defendants' Brief.

C. Copies of the pages of the depositions of Commissioner Houston and Ms. Benson have been attached if those pages are referenced in the Supplemental and Substitute Brief.

D. Some additional facts have been set forth at the end of the Narrative Statement of Undisputed Facts recitation section of the Brief. These undisputed facts derive from the Benson deposition. The beginning of those additions is marked with the title "Narrative Statement of Undisputed Facts".

E. Several clerical errors were corrected, including the following:

   a. At the middle of page 17 of the original Brief, a Houston deposition page citation was stated with regard to a fact set forth at that place. Because there was a parenthetical (*Id.*) used as the citation for this fact in the original Brief, the undersigned added the words "Affidavit of June Lynn". That parenthetical now reads, "(Affidavit of June Lynn, *Id.*)" This was done for clarification purposes.

   b. At the top of page 21 of the original Brief, in the citation of the last answer, it states, "Deposition of June Owens". This has been corrected to read, "Deposition of *Joan* Owens".

   c. On page 21 of the original Brief, the citation of Exhibit "3", the affidavit of Betty Beck, did not include a parentheses mark at the beginning of the citation. That mark has been added.

   d. On page 21 of the original Brief, the following sentence appears: "Three applicants, Ms. Benson, Ms. Carter, and Ms. Coteat, all African-Americans, qualified and more interviewed for this position." The word "more" is a typographical error. The correct word has now been inserted. The sentence now correctly reads: "Three applicants, Ms. Benson, Ms. Carter, and Ms. Coteat, all African-Americans, qualified and *were* interviewed for this position."

   e. Also in the middle of page 21 of the original Brief, the sentence, "Once this problem was corrected, the advertisement ran again" was

changed to "Once this problem was corrected, the advertisement ran *for seven consecutive days*," again, simply for clarification.

3. The above constitutes all changes to the original Brief of the Defendants to the best of the undersigned's knowledge.

WHEREFORE, the premises considered, these Defendants respectfully supplement and substitute their original Brief on the Motion for Summary Judgment.

        /s/H.E. Nix, Jr.
        H.E. NIX, JR. (NIX007)
        Counsel for Defendants

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - facsimile
cnix@nixholtsford.com
jkaplan@nixholtsford.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by e-mail to

| J. Flynn Mozingo<br>*Melton, Espy & Williams, P.C.*<br>P. O. Drawer 5130<br>Montgomery, AL 36103-5130 | Courtney W.Tarver<br>Deputy Atty. General and Gen. Counsel<br>Bureau of Legal Services<br>Dept. of Mental Health and Mental Retardation<br>RSA Union Building<br>100 N. Union Street<br>Montgomery, AL 36130-1410 |
|---|---|

on this the 9th day of July, 2008

                                                  /s/H.E. Nix, Jr.
                                                  OF COUNSEL