IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOAN FAULK OWENS and<br>KAREN LYNN HUBBARD,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF ALABAMA DEPT. OF<br>MENTAL HEALTH AND MENTAL<br>RETARDATION, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   2:07-cv-650<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO TAKE TRIAL DEPOSITION OF DR. KATHY LINDSEY

COME NOW the Defendants, by and through undersigned counsel of record, and submit this motion to take the trial deposition of Dr. Kathy Lindsey, and as grounds therefor, state as follows:

1. The discovery cutoff in this case is set for July 29, 2008.

2. Dr. Lindsey is the treating physician of Karen Lynn Hubbard, one of the Plaintiffs herein.

3. The purpose of the deposition is not to elicit opinions, but to simply elicit testimony concerning relevant medical history as reflected in the medical records of Dr. Lindsey regarding her records and historical entries contained therein on Karen Lynn Hubbard.

4. Counsel for the Defendants issued a document subpoena to Dr. Lindsey's office for her records and certain records were produced but upon review of the records,

1

counsel discovered that the subpoena served upon Dr. Lindsey's office had not been complied with fully.

5. Upon learning this, the undersigned's paralegal began attempting to obtain the remainder of the records through Dr. Lindsey's office and learned that, in fact, Dr. Lindsey's office had either lost or misplaced one of Ms. Hubbard's files. The only way the undersigned realized or could have realized that the documents provided were not complete was because a billing printout had been sent with the records which showed visits on other occasions not represented in the doctor's notes.

6. The doctor's notes stopped as of November 2005 which turned out to be the first visit after the closing of the application period for the job in question.

7. The undersigned's paralegal was unsuccessful in obtaining the documents in a timely fashion. She was told that the doctor's office did not copy its records, but instead, had a service that came by one day per week to scan medical files for the purpose of production pursuant to subpoena. It turned out that this person had been to the doctor's office the day before the undersigned's paralegal attempted to obtain the records. It is the undersigned's understanding that once this person scans the records or copies them, they are sent to a location that is believed to be in Atlanta, Georgia, processed and thereafter sent to the party issuing the subpoena.

8. Upon learning this, the undersigned went to the doctor's office with a copy of the subpoena and the records that had been obtained previously. The doctor's office was kind enough at that time to break with its customary method of responding to subpoenas to copy the part of the file that had previously been misplaced or lost.

9. Upon reviewing these records, it became clear that this doctor's deposition needed to be taken for the purpose of trial to document historical medical problems.

10. The undersigned is not making any contention or allegation that the doctor's office has done anything wrong, however, the time lost in being able to review these records was vital time.

11. The undersigned has spoken with the doctor's office about scheduling a deposition for July 29, 2008. However, the first available date on the doctor's calendar is July 30. The only way the undersigned could preserve this date was to make prepayment before the doctor's office would hold the date. Therefore, the undersigned made the prepayment in hopes that the Court would allow the taking of this deposition on Wednesday, July 30.

12. The undersigned has now spoken with Plaintiffs' counsel about whether Plaintiffs' counsel objects to the extension. Mr. Mozingo is available for the deposition on July 30 and has no objection to the extension.

WHEREFORE, counsel for these Defendants respectfully requests that the Court grant this motion.

/s/ H. E. Nix, Jr.
H.E. NIX, JR. (NIX007)
BRANDY F. PRICE (PRI079)
Counsel for Defendants

OF COUNSEL:

*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - facsimile
cnix@nixholtsford.com
bprice@nixholtsford.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by e-mail to

| | |
|---|---|
| J. Flynn Mozingo<br>*Melton, Espy & Williams, P.C.*<br>P. O. Drawer 5130<br>Montgomery, AL 36103-5130 | Courtney W. Tarver<br>Deputy Atty. General and Gen. Counsel<br>Bureau of Legal Services<br>Dept. of Mental Health<br> and Mental Retardation<br>RSA Union Building<br>100 N. Union Street<br>Montgomery, AL 36130-1410 |

on this the 18th day of July, 2008.

/s/ H. E. Nix, Jr.
OF COUNSEL