IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOAN FAULK OWENS and<br>KAREN LYNN HUBBARD, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | 2:07-cv-650 |
| STATE OF ALABAMA DEPT. OF<br>MENTAL HEALTH AND MENTAL<br>RETARDATION, *et al.*, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO STRIKE
## THE AFFIDAVIT OF JUDITH JOHNSTON

COME NOW the Defendants herein, by and through counsel, and object to and move the Court to strike the affidavit of Judith Johnston which is Exhibit 114 to the Plaintiffs' Memorandum Brief in Opposition to these Defendants' Motion for Summary Judgment, and as grounds therefor, adopt the discussion of Mrs. Johnston's affidavit contained in these Defendants' Reply to the Plaintiffs' Motion to Strike the Affidavit of Emmett Poundstone. This discussion is found at page 7, paragraph 11 through page 9, paragraph 13 of the Defendants' Reply to the Plaintiffs' Motion to Strike.

Further, counsel for these Defendants sets forth the following:

1.  Mrs. Johnston served under the Associate Commissioner for Mental Retardation as the Director of Mental Retardation Facilities. The residential development center referred to in paragraph 3 of Mrs. Johnston's affidavit is Partlow in Tuscaloosa. As the Court will recall, Partlow has its own Personnel Director who is Mike Mathis. (See

1

Defendants' Exhibit 1, Affidavit of Mike Mathis to Defendants' Brief on Summary Judgment.)

2. The ADMH" facilities themselves were not located in the Central Office.

3. The Central Office houses the divisions of the ADMH which are Administration and Personnel, Mental Illness, Mental Retardation and Substance Abuse. The Division of Administration and Personnel is in a completely separate suite of offices from the Division of Mental Retardation and the other two divisions.

4. The portions of Mrs. Johnston's affidavit that counsel for Defendants will specifically comment upon herein are the following:

    a. Paragraph 10 of Mrs. Johnston's affidavit is clearly inconsistent with the policy statement for the JEC which is policy number 60-22, Exhibit "A" hereto.

        i. Mrs. Johnston's affidavit uses, in the first line of paragraph 10, the term "non-appointed". Page 2, paragraph 5 of Exhibit "A" hereto refers to the submission of issues by the "Appointing Authority". The testimony cited in these Defendants' Briefs and in the Reply to the Plaintiffs' Motion to Strike the Poundstone Affidavit all clearly establishes that the Commissioner is the Appointing Authority for exempt positions. Mrs. Johnston's use of the term "non-appointed" is an artful way for the Plaintiffs to support their arguments in this case, but it is not correctly or appropriately used. Further, the entire

    paragraph 10 is contrary to the written policy and the testimony in the case.

  ii. Paragraph 13 of Mrs. Johnston's affidavit, wherein she states she "is familiar" with the position of Central Personnel Manager, fails to give any predicate for her testimony. Her use of the term "familiar" is Mrs. Johnston's own acknowledgment of her lack of "knowledge" about the position and there are certainly no predicatory facts in the affidavit that qualify Mrs. Johnston.

  iii. Paragraph 21 lacks predicate, constitutes "expert" opinion or "lay" opinion testimony for which Mrs. Johnston has never been listed by the Plaintiffs and for which Mrs. Johnston is not qualified. In fact, the Plaintiffs have not listed any experts in this case.

  iv. Paragraph 22 constitutes pure speculation by Mrs. Johnston as to the motives of the ADMH. No predicate is established for this testimony.

  v. Paragraph 23 constitutes pure speculation by Mrs. Johnston as to the motives of the ADMH. No predicate is established for this testimony.

The above specifically set forth testimony violates the Court's Scheduling Order, FRE, 401, 402, 701, 702, 703, 704 and 705.

WHEREFORE, these Defendants request that the Court strike either the entire affidavit of Judith Johnston or at least the specific parts referred to above.

/s/ H.E. Nix, Jr.
H.E. NIX, JR. (NIX007)
BRANDY F. PRICE (PRI079)
Counsel for Defendants

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - facsimile
cnix@nixholtsford.com
bprice@nixholtsford.com

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by e-mail to

| J. Flynn Mozingo<br>*Melton, Espy & Williams, P.C.*<br>P. O. Drawer 5130<br>Montgomery, AL 36103-5130 | Courtney W. Tarver<br>Deputy Atty. General and Gen. Counsel<br>Bureau of Legal Services<br>Dept. of Mental Health and Mental Retardation<br>RSA Union Building<br>100 N. Union Street<br>Montgomery, AL 36130-1410 |
|---|---|

on this the 15th day of August, 2008.

/s/
OF COUNSEL

4

# State of Alabama
# Department of Mental Health and Mental Retardation

NUMBER:    60-22

SUBJECT:   Personnel/Payroll
TITLE:     Job Evaluation Committee

EFFECTIVE: 4/7/89          REVIEWED:              CHANGED: 1/27/06

RESPONSIBLE OFFICE:    Division of Administration/Personnel

APPROVED:  *[signature]*

I.  **POLICY:**

The Department of Mental Health/Mental Retardation will establish a Job Evaluation Committee to maintain its exempt classification and pay structure.

II. **STANDARDS:**

1. The Committee will be responsible for making recommendations to the Commissioner on the following issues:
    a. Revisions to classification specifications.
    b. Establishment of new job classifications.
    c. Salary range adjustments in assigned classifications.
    d. Substitution of training and experience for established minimum qualification requirements.
    e. Reallocation of positions.
    f. Other personnel issues as requested by the Commissioner.

2. The Committee will consist of nine members. Membership shall include:
    a. The Department's Personnel Director who shall Chair the committee.
    b. One member appointed by the Associate Commissioner for Administration or designee.
    c. One member appointed by the Associate Commissioner for Mental Illness.
    d. One member appointed by the Associate Commissioner for Mental Retardation.
    e. One member appointed by the Associate Commissioner of Substance Abuse Services.

DEFENDANT'S EXHIBIT "A"

ADMH 03-00464

DMH/MR Policy 60-22

    f.    One member appointed by the Commissioner for the Office of the Commissioner.
    g.    The Associate Commissioner for Mental Illness Services or designee
    h.    The Associate Commissioner for Mental Retardation Services or designee
    i.    The Associate Commissioner for Substance Abuse Services or designee

3. The job evaluation committee shall be appointed or re-appointed for two (2) year terms.

4. The committee shall meet on a monthly basis or as necessary.

5. Issues to be reviewed by the Committee will be submitted by the Commissioner or by an Appointing Authority through the appropriate Associate Commissioner.

6. Issues to be reviewed shall be submitted at least two (2) weeks prior to a scheduled meeting.

7. Approved actions and minutes of the Job Evaluation Committee meeting will be distributed to the Associate Commissioners and Facility/Office Directors.

8. Exempt Classification Pay Distribution Notices will be distributed to Associate Commissioners, Facility Directors, and Facility Personnel Managers upon approval by the Commissioner.

ADMH 03-00465