IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOAN FAULK OWENS and<br>KAREN LYNN HUBBARD,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF ALABAMA DEPT. OF<br>MENTAL HEALTH AND MENTAL<br>RETARDATION, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   2:07-cv-650<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO ACCEPT FILING OF EXHIBITS OUT OF TIME

COME NOW the Defendants herein, by and through undersigned counsel, and move the Court to accept the filing of certain exhibits out of time, and as grounds therefor, state as follows:

1. These Defendants' response to the Plaintiffs' Memorandum Brief in Opposition to these Defendants' Motion for Summary Judgment was filed at 11:59 a.m. on August 4, 2008. Prior to that, at 11:11 p.m. on August 4, 2008, these Defendants filed their Motion to Strike the Deposition Testimony of David Ross Petty. Shortly after the electronic filing of this motion, these Defendants began the electronic filing of the aforementioned Brief with exhibits.

2. The undersigned understands from Ms. Virginia Morris that some of the exhibits were filed after midnight on August 4, 2008. Several exhibits were filed at 0:10 a.m. CDT on 8/5/08. An exhibit was filed at 0:15 a.m. CDT on 8/5/08 and another exhibit

1

was filed at 0:17 a.m. CDT on 8/5/08. The Plaintiffs' lawyer has objected to the acceptance of the filing of these documents as being filed out of time.

    3.    The undersigned's investigation reveals the following with regard to the filing of these exhibits:

    a.    Ms. Virginia Morris, one of our firm's legal assistants, who is very knowledgeable and competent with regard to her work, attempted to file the Brief with all exhibits at some point in time between 11:11 p.m., August 4, 2008 and Midnight, August 4, 2008. In the process of downloading the exhibits, Ms. Morris received a message that the filing was over 10MB and could not be accepted. Thereafter, undersigned's staff electronically separated parts of the filing and Ms. Morris again attempted to file the Brief and its exhibits. However, Ms. Morris was somehow cut off with regard to this attempted filing. She believes, based upon past experience, that she may have been cut off because she was taking more time than was allowable by the Court's electronic filing system to make the filing and the system automatically kicked her out. When this occurred, Ms. Morris was trying to make sure that the portion of the documents that she intended to file was not larger than 10MB.

    b.    Thereafter, Ms. Morris started over and was able to make the filing of the Brief with some of the exhibits. This filing was made at 11:59 p.m., August 4, 2008.

    c.    Immediately thereafter, Ms. Morris began filing the other exhibits.

    d.    The undersigned does not know whether the indications on the Notices of Electronic Filing mean that the filings were between 10 and 17 seconds or

between 10 and 17 minutes after Midnight, August 4, 2008. Nevertheless, it had previously been the undersigned's understanding that these indications meant seconds and not minutes, although, whether these indications mean seconds or minutes, the exhibit filings were made as quickly as possible after the problems were reconciled. (Please refer to Document Nos. 56, 57 and 58 in the Court's file.)

4. While the Plaintiffs' attorney does object to allowing these filings, the lateness of the filings did not constitute a large period of time and was definitely not intentional. These Defendants apologize for the lateness of the filing and do hope that there was no inconvenience as a result of the lateness of the filings. However, it is doubtful that anyone was waiting for the filings at Midnight on August 4, 2008 and, even if someone had been waiting on them, it does not appear that any prejudice to the Plaintiffs would have resulted from the lateness of the filings. The most likely scenario is that the Plaintiffs' attorney obtained the filings on the morning of August 5, 2008 when he came to work. The same would have occurred if the filings had been made before Midnight at the end of August 4, 2008.

5. The exhibits are important to these Defendants' Response and it would be prejudicial to these Defendants not to allow them into evidence because of a technical problem.

WHEREFORE, these Defendants respectfully request that the Court allow these exhibits to be filed out of time.

_____
H.E. NIX, JR. (NIX007)
Counsel for Defendants

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - facsimile
cnix@nixholtsford.com
bprice@nixholtsford.com

### CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by e-mail to

| J. Flynn Mozingo<br>*Melton, Espy & Williams, P.C.*<br>P. O. Drawer 5130<br>Montgomery, AL 36103-5130 | Courtney W. Tarver<br>Deputy Atty. General and Gen. Counsel<br>Bureau of Legal Services<br>Dept. of Mental Health and Mental Retardation<br>RSA Union Building<br>100 N. Union Street<br>Montgomery, AL 36130-1410 |
|---|---|

on this the 15th day of August, 2008.

_____
OF COUNSEL