IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOAN FAULK OWENS and KAREN LYNN HUBBARD, ) ) ) Plaintiffs, ) ) v. ) ) STATE OF ALABAMA DEPARTMENT ) OF MENTAL HEALTH AND MENTAL ) RETARDATION, et al. ) ) Defendants. ) ) | CASE NO- 2:07-cv-650-WHA |

**PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER**
**(DOCUMENT 64)**

**COME NOW**, the Plaintiffs, Joan Faulk Owens and Karen Lynn Hubbard, and in response to the Court's show cause Order (Document 64) dated August 15, 2008, state as follows:

1. Plaintiffs object to Defendants' Motion to Substitute a Corrected Copy of Defendants' Response to Plaintiffs' Memorandum Brief in Opposition to Defendants' Motion for Summary Judgment (hereafter "Motion to Substitute") (Document 62) after the August 4, 2008 deadline set in the Court's dispositive motion scheduling order (Document 43). The Defendants' request should be denied because it is untimely, an abuse of the Court's Order (Document 43), and part of a pattern and practice of continuously filing or seeking to file documents after the deadlines established by the Court, which is itself unfair and inequitable for the Plaintiffs who have diligently sought to comply with all Court orders.[1]

---

[1] In addition to these reasons, Plaintiffs also incorporate their letter response to the Defendants, attached as Exhibit C to the Defendants' Motion to Substitute. As set forth in the

2.     Defendants' Motion to Substitute is the second time the Defendants have asked to substitute a brief with the Court. Defendants initially filed their Motion for Summary Judgment on June 27, 2008, pursuant to the Court's Uniform Scheduling Order. (Document 23).[2] Thereafter, on July 9, 2008, Defendants filed their first Motion to File a Supplemental and Substitute Brief in support of Defendants' Motion for Summary Judgment. (Document 46).

3.     In their first Motion to File a Supplemental and Substitute Brief, Defendants sought to supplement their brief with the deposition testimony of Commissioner John Houston and Marilyn Benson, which had recently been taken. Defendants also sought to supplement their brief by correcting page and line numbers and exhibit references, refiling the Affidavit of Becky Burell in an attempt to make the Affidavit admissible, and by correcting "several clerical errors" set forth in Document 46. In an effort to be cooperative, Plaintiffs did not object to the Motion since the depositions had, in fact, recently been taken and Plaintiffs were acting in good faith to cooperate with opposing parties and the Court. Nonetheless, for the record, the depositions were taken immediately prior to the dispositive deadline to accommodate the Defendants' schedules, although the Defendants were fully aware of the upcoming deadline for eight months.

4.     The Defendants have now once again come before the Court asking to supplement and substitute their reply brief. As grounds therefore, Defendants claim their brief needs to be supplemented to correct alleged software problems in hidden text in several places, to correct cites

---

response, Plaintiffs too would like to make corrections to their reply brief, but both parties are bound by the Court's deadline. Furthermore, the Court cannot grant the Defendants' Motion to Substitute unless it likewise allows the Plaintiffs to file a substitute and corrected brief.

[2] The Court entered a dispositive motion scheduling order (Document 43) on July 2, 2008. In its dispositive motion scheduling order, the Court established a deadline of July 28, 2008, for the Plaintiffs to respond to the Defendants' Motion for Summary Judgment, and set a second deadline of August 4, 2008, for Defendants to file any brief in reply thereto.

to exhibits, to correct references where no exhibit was cited, and to make the brief more readable and more easily understood. According to the Defendants, all of the changes "are minor."

5. Based on Defendants' admission that their changes "are minor," Defendants' Motion is absolutely unnecessary and should be denied. Moreover, Defendants' Motion is untimely. The deadline for the Defendants to file their reply brief was August 4, 2008. Defendants' Motion to Substitute was not filed until four days later, on August 8, 2008.

6. Furthermore, Defendants' Motion should be denied because the briefing deadline has passed and all of the alleged problems with the Defendants' brief are attributable to the Defendants themselves and do not establish excusable neglect or good cause to once again supplement and substitute a brief. As a matter of law, the fact that Defendants had a computer or software problem is not good cause or "excusable neglect". See Annis v. Arrow Trucking Co., No. 04-CV-826-JHP-PJC, 2006 WL 2193277 (N.D. Okla. August 1, 2006) (holding that various 'bazaar' computer problems which hamper the e-filings of a party's response was not 'excusable neglect' that was particularly unique or exceptional requiring extraordinary concessions); Hamzik v. Zale Corporation/Delaware, Inc., No. 3:06-CV-1300, 2008 WL 2073957 at * 2 (N.D. N.Y. May 14, 2008) (holding that computer problems were not grounds for missing a dispositive motion deadline because the plaintiff in that case "should have adequately prepared for the possibility of computer failures or other computer-related problems the night before [the] opposition papers were due.")[3]

---

[3] In fact, Annis and Hamzik fully support the Court striking the affidavit and exhibits contained in Documents 56, 57, and 58, all of which were filed on August 5, 2008, after the August 4th deadline. The only rational given by Defendants for missing the deadline was computer problems, which, as a matter of law, is not excusable neglect.

3

7. In addition, Defendants' request to supplement their brief is part of an ongoing pattern and practice of the Defendants to by-pass almost every deadline established by the Court. The Defendants have, in fact, filed at least eleven (11) documents outside of original deadlines, or in an effort to extend the deadline. Plaintiffs respectfully point out the following untimely filings and/or requests for untimely filings made by the Defendants since the inception of this case:

    a. Motion for Extension of Time to File Answer. (Document 12).

    b. Defendants' Motion to Supplement Exhibits to Brief on Motion for Summary Judgment. (Document 38).

    c. Defendant's Motion to File Supplemental and Substitute Brief in Support of Defendants' Motion for Summary Judgment. (Document 46).

    d. Defendants' Supplemental and Substitute Brief in Support of Defendants' Motion for Summary Judgment. (Document 47).

    e. Motion to take the deposition of a treating physician outside of the discovery deadline. (Document 49).

    f. Affidavits and Exhibits in Support of Defendants' Response. (Document 56).

    g. Affidavits and Exhibits in Support of Defendants' Response. (Document 57).

    h. Affidavits and Exhibits in Support of Defendants' Response. (Document 58).

    i. Motion to Substitute a Corrected Copy of the Defendants' Response to Plaintiffs' Memorandum Brief in Opposition to Defendants' Motion for Summary Judgment. (Document 62). (This is the filing currently at issue here.)

  j. Motion to Strike the Affidavit of Judith Johnston (Document 65) which was filed on August 15, 2008, almost two weeks after the August 4, 2008 deadline set by the Court, and two weeks after the Defendants had already filed a Motion to Strike the Deposition of David Petty (both Johnston's affidavit and Petty's deposition testimony were offered as exhibits in support of the Plaintiffs' Response in Opposition to the Defendants' Motion for Summary Judgment).

  k. Motion to Accept Filing of Exhibits Out of Time. This Motion was likewise filed on August 15, 2008, almost two weeks after the August 4th deadline set by the Court. (Document 66).

 8. Clearly, enough is enough! The Defendants should be expected to comply with the Court's scheduling order and deadlines the same as other parties. Defendants should be stopped from this continuous and ongoing pattern and practice of seeking an exemption or excuse from every scheduled deadline. Accordingly, the Defendants' Motion to Substitute should be denied.

 Respectfully submitted this the 22nd day of August, 2008.

          s/J. Flynn Mozingo
          J. Flynn Mozingo (MOZ003)
          Attorney for Plaintiffs
          Melton, Espy & Williams, P.C.
          P. O. Drawer 5130
          Montgomery, AL   36103-5130
          Telephone:   (334) 263-6621
          Facsimile:   (334) 263-7525
          fmozingo@mewlegal.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I have filed the foregoing electronically with Clerk of the Court using the ECF/CM system and a copy of the foregoing will be served on the below listed counsel of record via such system on this the 22nd day of August, 2008:

| | |
|---|---|
| H.E. NIX, JR. | COURTNEY W. TARVER |
| Nix, Holtsford, Gilliland, | Deputy Atty. General and Gen. Counsel |
| Higgins & Hitson, P.C. | Bureau of Legal Services |
| Post Office Box 4128 | ADMH/MR |
| Montgomery, AL 36103-4128 | RSA Union Building |
| | 100 N. Union Street |
| | Montgomery, AL 36130 |

                                                          s/J. Flynn Mozingo
                                                          OF COUNSEL