## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| JOAN FAULK OWENS and | ) | |
| KAREN LYNN HUBBARD, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:07-cv-650 |
| | ) | |
| STATE OF ALABAMA DEPT. OF | ) | |
| MENTAL HEALTH AND MENTAL | ) | |
| RETARDATION, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## DEFENDANTS' REPLY TO
## PLAINTIFFS' RESPONSE TO
## DEFENDANT'S MOTION TO SUBSTITUTE

_____COME NOW, Defendants Otha Dillihay, John Houston, Marilyn Benson, Henry Ervin, and

the Alabama Department of Mental Health and respond to Plaintiffs' filing entitled: "Plaintiffs'

Response to Show Cause Order" which is listed as Document 72 by the Clerk of Court.  Based on

the content of Plaintiffs' filing and Plaintiffs' request that the Court extend their deadline to respond

to the Show Cause Order, Defendants do believe that Document 72 was incorrectly titled "Plaintiffs'

Response to Show Cause Order" and that Document 72 is instead "Plaintiffs' Response to

Defendants' Motion to Substitute a Corrected Copy of Defendants' Response to Plaintiffs'

Memorandum and Brief."  As such, Defendants are filing this document as "Defendants' Reply to

Plaintiffs' Response to Defendants' Motion to Substitute."[1]

---

[1]  Defendants have notified Plaintiffs' counsel of this error and clarified that the Response
filed was indeed filed to the Motion to Substitute and is not Plaintiffs' Response to the Courts'
Show Cause Order.  These Defendants have already expressed by telephone to your Honor's law

1.    First, Defendants respectfully submit that their Motion to Substitute a Corrected Copy of Defendants' Response is not an "abuse of the Court's Order" as Plaintiffs allege.  Second, Defendants aver that neither the Motion to Substitute nor the allowance of substitution is or would be prejudicial, unfair or inequitable to the Plaintiffs, but that, instead, under the circumstances, refusal of substitution would prejudice these Defendants.  There is good cause to allow the substitution as submitted.  Third, these Defendants deny in the strongest manner possible the Plaintiffs' allegation that the Defendants' Motion to Substitute "is part of an ongoing pattern and practice of the Defendants to by-pass almost every deadline established by the Court."

2.    Defendants filed their Motion to Substitute a Corrected Copy of Defendants' Response to Plaintiffs' Memorandum Brief in Opposition to Defendants' Motion for Summary Judgment to reveal hidden text and correct cites and references for the convenience of the parties and court in reading the brief.  None of the changes made in the proposed substituted brief are substantive.  (See Exhibit "A" which highlights corrections made).  As such, Plaintiffs are in no way prejudiced if the court allows this substitution. In fact, Plaintiffs offer no basis or explain how they would be prejudiced if the Court allows the substitution.

3.    Plaintiffs also intimate that the substitution is unfair and inequitable in that they would possibly also like the opportunity to amend a brief.  To Defendants' knowledge Plaintiffs have the ability to make a request to amend or substitute any document with the court just as the Defendants did.  Nothing has prevented them from doing so.  As such, it is confusing as to why Defendants' request is "unfair or inequitable."

_____

clerk, Lisa Harden, that Defendants do not object to the Plaintiffs' Request for an additional day to file their "Motion for Extension of Time."

4.     In addition to their contention that they are somehow prejudiced if the Court allows the substitution, Plaintiffs contend that the Motion to Substitute should be denied because the briefing deadline has passed and that "excusable neglect" or good cause has not been shown to supplement the brief.  (See Plaintiffs' Response to Defendants' Motion to Substitute, p.3, ¶3).  The case law cited by Plaintiffs specifically states that it is within the Court's discretion to grant extensions of time and allow substitutions.  See <u>Annis v. Arrow Trucking Co.</u>, 2006 WL 2193277, *1 (N.D. Okla. 2006).

5.     Plaintiffs indicate that <u>Annis</u> stands for the proposition that computer issues are not good cause for the allowance of substitution.  However, the facts of <u>Annis</u> are in no way comparable to the situation in this action.  In <u>Annis</u>, the parties had been in a dispute regarding discovery deadlines and had assured the Court that the discovery deadline dispute would not interfere with meeting motion deadlines.  <u>Id.</u>  On the date plaintiff's response to defendants' Motion for Summary Judgment was due, plaintiff filed a Motion for Extension of Time citing "a number of filing requirements, hearings and deadlines," including a "Motion to Reopen Discovery....".  <u>Id.</u>  The Court granted plaintiff's motion over defendant's objection and warned no additional extensions would be granted.  Plaintiff, however, filed another Motion to Extend the Time to file their Response to Defendants Summary Judgment.  As warned, it was denied by the Court.  <u>Id.</u>  Plaintiff then completely ignored the deadline and did not file a Response at all.  Instead, two days after the deadline, the plaintiff's counsel filed a Motion to File Response Out of Time wherein the listed "bizarre computer problems" were given as reasons for completely missing the deadline.  <u>Id.</u>, at *2.  The Court specifically questioned the veracity of the "bizarre computer problems" because the plaintiff had successfully filed three requests for additional time and plaintiff's counsel had successfully filed a response in another case on the date of the deadline.  <u>Id.</u>

3

6.     The Court in <u>Annis</u> denied Plaintiff's Motion because the Plaintiff blatantly ignored a deadline despite having been given an extension of time and because the veracity of plaintiff's proffered reasons for missing the deadlines were questionable.  <u>Id.</u>

7.     The Plaintiffs also cite <u>Hamzik v. Zale Corporation/Delaware, Inc.</u>, 2008 WL 2073957 (N.D.N.Y. 2008) in an effort to support the denial of Defendants' Motion to Substitute.  Plaintiffs incorrectly state the holding in this action.  (See Plaintiffs' Response to Defendants' Motion to Substitute, p. 3, ¶6).  In <u>Hamzik</u>, the Court granted defendants' Motion for Summary Judgment after plaintiff failed to file any response to the motion. <u>Hamzik</u>, 2008 WL 20073957, *1.  Nine months later, Plaintiff's counsel filed a Motion to Vacate Judgment citing as reasons (1) the discovery of 3000 pages of documents in a closet he had thought were lost and (2) complete computer failure the day prior to the day the response brief to the defendants' motion for summary judgment was due. <u>Id.</u>  The Court in <u>Hamzik</u> denied Plaintiffs' Motion to Vacate because it considered the nine month delay excessive.  <u>Id.</u>, at *2.  Furthermore, regarding the computer problems, the Court specifically stated, "if he experienced such problems . . . he could have requested an extension of time." <u>Id.</u>

8.     Neither of the cases cited by plaintiffs are comparable to the situation at hand.   Here, Defendants' neglect is excusable.  As stated in <u>Somero v. Hendry General Hospital</u>, 467 So.2d 1103, 1106 (Fla. 4th DCA 1985), "Where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits."

9.     Plaintiffs attempt to overshadow the fact they have not provided any reason that they are prejudiced by this substitution by attempting to create "a pattern or practice of abuse."  The Plaintiffs

listed eleven (11) documents allegedly filed outside of the original deadline or "in an effort to extend the deadline," as follows:

a.    Motion for Extension of Time to file Answer (Document 12).

Of course, this Motion was filed by Courtney W. Tarver, Chief Counsel for ADMH, so outside counsel could be appointed to represent the Defendants. In defense Counsel's experience, this is common in this type case. The Court granted this Motion and extended the Answer deadline to September 26, 2007 (Document 13). On September 19, 2007, Defendants' Answer was filed.

b.    Defendants' Motion to Supplement Exhibits to Brief on Motion for Summary Judgment (Document 38).

The Defendants' deadline for submission of their Motion for Summary Judgement was June 27, 2008. Defendants filed this Motion and Brief on June 27. However, two of the Defendants' depositions were taken by Plaintiff's counsel within the three days preceding the June 27, 2008, deadline. The deposition of Defendant John Houston was completed on June 26, 2008 and the deposition of Defendant Marilyn Benson was completed on June 24, 2008.[2] Although expedited copies had been requested and the Court Reporter had been diligently working to complete all depositions in this action, neither Mr. Houston's nor Mrs. Benson's deposition transcripts were

---

[2]In a effort to support their assertion that Defendants abused the Court's scheduling order, Plaintiffs assert that these depositions were scheduled at this time solely to accommodate Defendants' schedules. However, Plaintiffs fail to mention that they did not request deposition dates of Defendants until May in this matter despite the fact, as they point out, that the case had been pending for 8 months. Moreover, in addition to Defendants' schedules, there were a number of other factors in coordinating dates for all depositions in this action including working around the vacation of Plaintiff June Owens and other commitments of Plaintiffs' counsel, and hospitalization of Marilyn Benson in addition to the Defendants' schedules.

completed by the Court Reporter by the dispositive motion deadline.[3]  In order to comply with the

Court ordered deadlines, Defendants filed their Motion for Summary Judgment on June 27, 2008.

After receiving the deposition transcripts of Houston and Benson, Defendants then filed their Motion

to Supplement and Substitute their Motion for Summary Judgment which was met with no objection

at that time by Plaintiffs' counsel.

When the Defendants filed their Motion for Summary Judgment and Brief, Defendants also

filed a Motion to Supplement Exhibits (Document 38).  The exhibits were pages from the two (2)

above-referenced depositions and the resubmission of Becky Burell's affidavit that was filed on June

27, which needed to have one line added that attested to the affiant's "personal knowledge."  The

Defendants filed a written statute report on these materials on July 1, 2008 and filed the Brief on July

9, 2008.

       c.     Defendants' Motion for Leave to File Supplemental and Substitute Brief in Support
           of Defendants Motion for Summary Judgment and Brief (Document 46).

Plaintiffs have referred to documents 46 and 38 as separate Motions.  However, they are the

same.  On July 2, 2008, the Court, in document 44, granted Document 38, the Defendants' original

request to supplement because deposition transcripts were unavailable.  On July 9, 2008, undersigned

counsel filed the Motion for Leave to File the Supplemental Brief (Document 46) along with the

Brief itself (Document 47).  On July 10, 2008, the Court granted the Motion for Leave to File

(Document 48).  The Motion for Leave to File may have been unnecessary, but these Defendants felt

that it was appropriate to file an introductory document with the Brief.

---

[3]In addition to the depositions of Marilyn Benson and John Houston, the Court Reporter
was also transcribing the deposition of David Petty which took place on July 24, 2008, at the
request of Plaintiffs' counsel.

d.      The Plaintiffs also include in their pattern and practice list, the Supplemental Brief itself (Document 47).  Yet the Court had granted on July 2, 2008 (Document 44) these Defendants' request for permission to file this brief for the purpose of giving these Defendants a fair opportunity to use the last two depositions taken by the Plaintiffs in the same week the Defendants' Motion for Summary Judgment was due.

e.      The Plaintiffs also list as part of the "pattern" the Defendants' Motion dated July 18, 2008 (Document 49) to depose Ms. Hubbard's physician on July 30, 2008 which was one day after the discovery deadline would pass.  The extenuating circumstances relative to this one day over the discovery deadline are set forth in the Motion to be allowed to take the deposition itself. Nevertheless, the need for this one extra day had nothing to do with any kind of delay by these Defendants.  While the Plaintiffs' lawyer originally refused to agree to the one day, he later madean agreement with undersigned counsel that, if the Defendants would drop certain discovery objections and provide documents that the Plaintiffs had requested, that he would not oppose this Motion.  This was agreed upon and the Plaintiffs did not oppose the Motion.

f., g., and h.      Exhibits 56, 57, and 58.

The Plaintiffs allege that Document numbers 56, 57, and 58 are part of the list demonstrating the Defendants' alleged pattern and practice of abuse.  Documents 56, 57, and 58 represent a large part of these Defendants' exhibits to their Reply Brief on Summary Judgment. Document 56 was electronically filed at 0:10 AM CDT, 8/5/08.  Document 57 was filed at 0:15 AM CDT, 8/5/08.  Document 58 was filed at 0:17 AM CDT, 8/5/08.  The Defendants' Brief was filed at 11:59 PM CDT, 8/4/08.

7

The following is how this occurred:

(1)     At ll:11 PM CDT, 8/4/08, the Defendants filed their Motion to Strike the Affidavit of David Petty.

(2)     Very shortly thereafter, Defendants began filing the Brief and Exhibits. Initially, the undersigned's assistant, Virginia Morris, was kicked off the Court's server and given notice that the filing was too large. The documents were separated and re-scanned which created smaller electronic files. During her second attempt, Ms. Morris was cut off without a message. However, she believes this occurred because she was taking too long with the filing in an effort to assure it went through. Ms. Morris started over again and was successful in getting Document 55 filed. She then began filing the other three bundles as quickly as possible and was successful.

(3)     Ms. Morris also had difficulty "attaching" the filing to a document that would allow it to go through. Apparently, a "Response" must be attached to a previously filed document.

(4)     While the documents 56, 57, and 58 were filed just after midnight on 8/5/08, these Defendants tried their best to get everything filed on time and did not intentionally file late. These Defendants exercised good faith but had unanticipated technical difficulties. The Plaintiffs were not prejudiced by the slight tardiness of the filing.

    i.     Motion to Substitute Corrected Copy, Document 62.

At the time of the filing of their brief (Document 55), these Defendants did not realize that "hidden text" existed in the filed document and did not realize that several numbers for exhibits had been omitted. However, on August 7, 2008, the undersigned began re-reading the brief and realized that some of the sentences at the bottom of some of the Fact Comparison columns did not continue forward to the top of the column on the next page. It was at this time that we realized that

the document contained "hidden text" that had not printed when the brief was e-filed. Defense counsel called Mr. Mozingo on several occasions to advise him of the problem. Mr. Mozingo was unavailable. The next day, Friday, August 8, 2008, Brandy Price received a call from Mr. Mozingo's secretary who advised writing Mr. Mozingo regarding this issue. Correspondence was sent to Mr. Mozingo explaining the problem and the need to refile. Later, Mr. Mozingo wrote back declining to agree.

Thereafter, undersigned drafted and filed the Motion (Document 62).

The "hidden text" in the original brief (Document 55) is demonstrated in the following places:

* Pages 22 and 23 - please see bottom of 22 and top of 23.

* Pages 24 and 25 - please see the bottom of page 24, right column and the top of page 25, right column.

* Pages 25 and 26 - please see the bottom of page 25, right column, and the top of page 26, right column.

* Page 45 - please see the bottom of page 45, right column.

Defendants have separately filed a "Comparison" copy with changes highlighted as requested by the Court. This document is automatically created by a computer program. It shows the changes between the original as filed and the supplement or substitute as filed. The pagination is different as between the two documents. The compare software did not recognize the "hidden text" because this text was typed into the original document and even though it did not print, the compare software recognizes the entries and makes no notation about them. Therefore, after realizing that notations were not being made by the compare software to the "hidden text," a visual comparison was made

9

and, using the color coding in the computer program marked the "hidden text" that now appears in the "Comparison" document. The color green was used to show the text that was originally hidden but which now appears in the substituted document. Green highlight can be found in the comparison copy on pages 24, 26, 27, and 47 - 50.

All of the "hidden text" constitutes quotes from depositions taken by the Plaintiff. The substitution brief was filed in the same week the original brief was required to be filed. The Plaintiffs did not plan or have the right to file a response. Therefore, no one was prejudiced by this matter.

       j.     Motion to Strike Affidavit of Judith Johnston.

Counsel for the Defendants did not read any of the Court's Orders in this case in such a way that this Motion would be prohibited by time when filed. If counsel is incorrect in this, please accept the undersigned's apologies. If, however, the Motion in not time barred, counsel would appreciate consideration of it.

       k.     Motion to Accept Filing of Exhibits out of time (Document 66).

During the filing of the Defendants' Motion for Summary Judgment with Exhibits it was brought to the undersigned's attention that the Court's electronic filing system required that a "Response" be "attached" to another document in the Court file. Virginia Morris attempted to attach the Response with exhibits to various record filings in the Court file, but was unsuccessful in accomplishing this. This was another complication that took additional time in the filing process. Finally, she was able to get the Brief with exhibits filed by attaching them to the Defendants' Motion to Strike the Petty Deposition. The next day the undersigned was advised by Ms. Morris that she had spoken with the clerk's office and that they had corrected the filing. The undersigned did not take

this notification as definitely meaning that the very slight lateness in filing had also been resolved in view of the technical problems, but it seemed logical that it had been resolved. Nevertheless, undersigned did not believe a Motion was necessary in light of the very slight amount of time involved and the fact that technical problems had occurred. However, the Plaintiffs filed a Motion to Strike the Poundstone Affidavit and when undersigned was able to study that Motion, undersigned realized that the Plaintiffs' footnote on page 14 of the Motion complained about the fact that Documents 56, 57, and 58 were untimely filed and moved to strike the documents. Therefore, at the same time Defendants filed their response to the Plaintiffs' Motion to Strike the Poundstone Affidavit, they also filed a Motion to Accept the Filing of these exhibits out of time. Undersigned counsel did not think a Motion to File Out of Time was necessary until the Plaintiffs, in the Motion to Strike the Poundstone Affidavit, raised the 0:10 AM, 0:15 am, and 0:17 AM CDT August 5, 2008 filing times and moved to strike those filings. The lateness was not caused by any negligence or bad faith on the Defendants part, was very minor in nature, and caused no prejudice to Plaintiffs.

10.    Defendants filed their Reply Brief to Plaintiffs' Response to Defendants' Motion for Summary Judgment timely. Defendants requested to substitute their brief because they failed to realize some of the text contained in the chart of their brief had been hidden. It was simply a secretarial mistake that the computer was not told to reveal the hidden text contained in the chart. The Motion to Substitute was filed four days after the initial filing and was filed as soon as the Defendants realized the clerical mistake. Defendants admit that they missed this in proofing their brief. When making the changes to reveal the hidden text, Defendants also clarified exhibits by indicating if the exhibit referred to was from the Plaintiffs' brief or Defendants' Brief and inserted exhibit numbers that were inadvertently left out. The hidden text and citation corrections in no way

rise to the blatant disregard and level of "inexcusable neglect" demonstrated in the <u>Annis</u> or <u>Hamzik</u> cases cited by Plaintiffs.

11.    In ¶ 8 on page 5 of his Response to Show Cause Order (Document 64), Mr. Mozingo states: "enough is enough!"  Counsel for these Defendants agrees.  Mr. Mozingo had 30 days to construct an inaccurate rendition of the facts as shown by discovery.  He had 30 days to twist testimony, cite small phrases of testimony out of context and claim that they meant something they did not mean, quote parts of deposition answers favorable to him while leaving out other parts of the same answer that qualified it or otherwise detracted from Mr. Mozingo's desired interpretation, and misstate the meaning of documents produced in the case.  His Brief was sixty-eight (68) pages long.  The Defendants had seven (7) days to respond which soon became apparent meant that every fact citation made by Mr. Mozingo in his brief had to be carefully read in context which often required reviewing numerous pages for one small cite and then checking the deposition in other places to determine the location of further explanation and clarification given by the witness.  When our time was up, we still had other citations that needed to be checked.

12.    This firm has endeavored to conduct itself cooperatively, honestly, and ethically throughout the course of this case.  However, the Plaintiffs' Motion accusing this firm of abuse and the running of an ongoing pattern and practice to "by-pass almost every deadline established by the Court" is truly a jaw dropping professionally offensive accusation particularly in view of some of the things that have happened in this case.

13.    We have not abused the Court's Orders or the Court itself, and we have not engaged in a pattern and practice of by-passing our duties and obligations.

                /s/H.E. Nix, Jr.
                H.E. NIX, JR. (NIX007)
                Counsel for Defendants

OF COUNSEL:
*Nix, Holtsford, Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, AL 36103-4128
334-215-8585
334-215-7101 - facsimile
cnix@nixholtsford.com
bprice@nixholtsford.com

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid and properly addressed; and/or (c) by e-mail to

| | |
|---|---|
| J. Flynn Mozingo<br>*Melton, Espy & Williams, P.C.*<br>P. O. Drawer 5130<br>Montgomery, AL 36103-5130 | Courtney W. Tarver<br>Deputy Atty. General and Gen. Counsel<br>Bureau of Legal Services<br>Dept. of Mental Health<br> and Mental Retardation<br>RSA Union Building<br>100 N. Union Street<br>Montgomery, AL 36130-1410 |

on this the 25th day of August, 2008.

 /s/H.E. Nix, Jr.
OF COUNSEL

14