IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOAN FAULK OWENS and KAREN LYNN HUBBARD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  2:07cv650-WHA (WO) |
| STATE OF ALABAMA DEPT. OF MENTAL HEALTH AND MENTAL RETARDATION; JOHN HOUSTON, etc.; OTHA DILLIHAY, etc.; HENRY R. ERVIN, etc.; and MARILYN BENSON, etc., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Plaintiffs' Motion for Leave to File Supplemental Pretrial Contentions (Doc. #92) and Defendants' Motion to Amend/Correct to Add Defenses and to Reinstate a Defense to Their Pretrial Contentions (Doc. #93).

First, with regard to the Plaintiffs' Motion, the Plaintiffs seek to elaborate on the damages they are asking for in this case.  Specifically, the Plaintiffs identify the nature of the declaratory and equitable relief they seek, as well as the amount of compensatory damages, and that they seek punitive damages from Defendants Houston, Dillihay, Ervin and Benson, individually.

In response, the Defendants have objected to two of the Plaintiffs' proposed contentions. The Defendants object to injunctive and equitable relief against "agents, successors, employees, attorneys and those acting in concert with the Defendants" "continuing to violate" the Plaintiffs' Title VII and Fourteenth Amendment rights in paragraph iii of the Plaintiffs' proposed additional contentions.  The Defendants contend that this requested relief exceeds the bounds of permissible relief, and extends relief under Title VII to individual defendants.

There are official capacity claims asserted in this case.  It may be that Defendants who are not currently employed with the ADMH were employed in positions at the time of the alleged discrimination which must act to effect any equitable relief, should the Plaintiffs prevail. Therefore, an extension of equitable or declaratory relief to those persons may be appropriate. The court agrees, however, that a reference to persons acting in concert with the Defendants is not appropriate as it extends beyond the parties in this case.  Therefore, the portion of the Plaintiffs' contentions which identifies persons acting in concert with the Defendants will not be allowed.  The court also agrees that any recovery under Title VII is limited to the ADMH, but does not interpret paragraph iii as extending liability under Title VII to individuals, but merely to ADMH.

The Defendants also contend that the Plaintiffs are not entitled to have Marilyn Benson prohibited from receiving a position or promotion in the future, and object to paragraph iv(d) of the proposed additional contentions which requests that relief.  The court agrees, and paragraph iv(d) of the proposed contentions will not be allowed.

In their motion the Defendants seek to elaborate on three types of defenses, one of which was stricken at the Pre-Trial Hearing.  The last of the additions sought is an objection to the constitutionality of punitive damages in this case.  While the incorporation by reference to the defenses in the Answer is inappropriate, the court will allow the following contention of the Defendants to be added to the Pretrial Order:   "The punitive damages claim of the Plaintiffs is unconstitutional."

The Defendants also seek to reinstate a defense plead in their Answer; namely, that the EEOC charges filed in this case were untimely.   Although not raised in the Motion for Summary Judgment, the Defendants asserted the defense in their Answer to the Amended Complaint.  Doc.

#15, pages 17-8.  The Defendants cite precedent for the proposition that an EEOC charge must be filed within 180 days of the time the Plaintiffs reasonably should have known of facts that would support their claim.

The standard cited by the Defendants is the standard which governs equitable tolling, and not the standard which establishes when the 180 day period begins to run.  *See Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201 (11th Cir.2003).  The "starting point of the 180-day filing period . . . relies on unequivocal communication of the adverse employment decision."  *Id.* at 1202.   Although the Plaintiffs argue that the factual issue identified by the Defendants is not legally sufficient to trigger their duty to file an EEOC charge, the briefing of both parties analyzes the facts under the equitable tolling standard, not the triggering standard. Therefore, the court cannot determine at this point whether assertion of the EEOC charge date is a futile defense or not.  The defense, however, has not been waived.  Therefore, the court will allow amendment of the Pre-Trial Order to include the defense.  The statement of the defense attached to the Motion, however, includes the equitable tolling standard.   Therefore, amendment will be allowed to add the statement of the defense as stated in the Answer as follows:  "To the extent that the Plaintiffs attempt to state a cause of action under Title VII for alleged acts of discrimination occurring outside the statutory time period for filing of charges with the Equal Employment Opportunity Commission ("EEOC"), such cause of action is time barred."  The court notes that the defense only applies to the Title VII claim against the ADMH, and not the claims asserted pursuant to § 1983.

The Defendants have also sought to add an affirmative defense which they refer to as a same result or as a *Mt. Healthy* defense.  As the Plaintiffs point out, the court struck this contention from the Pre-Trial Order at the Pre-Trial Hearing, but the Defendants seek to have

this defense re-instated.  As the court expressed at the Pre-Trial Hearing, and the parties confirmed, the Plaintiffs' claims in this case are that they were discriminated against on the basis of their race in the creation of the position into which Benson was hired.  The Plaintiffs do not assert claims on the basis of the hiring process.   The Defendants seek to defend against this claim by arguing that even if they had not considered the Plaintiffs' race in the creation of the position, the Plaintiffs still would not have been hired for the position because they were not as well-qualified.  One difficulty with applying this defense, of course, is that the Plaintiffs have contended that various aspects of the job description, including but not limited to, the requirement of a college degree, were tailored to match Benson's qualifications.  If a jury were to find that the position was created on the basis of race, there would be no basis from which to compare relative qualifications of applicants.  Moreover, the applicant pool might have been drastically different had the qualifications and specifications of the position not been what they were, but to attempt to compare relative qualifications of unknown persons would be speculative.  Finally, as the Plaintiffs point out, the *Mt. Healthy* defense cannot apply because, if the educational requirement without substitution was racially-based, there would have been no opportunity for the Plaintiffs to be considered for the position because they could only meet the educational requirements by substituting their experience.  For these reasons, therefore, the court is not persuaded to alter its previous decision to strike this contention from the Pre-Trial Order, and concludes that this amendment to the Pre-Trial Order sought by the Defendants is futile and will not be allowed.  *See* Fed. R. Civ. P. 15; *Godard v. Alabama Pilot, Inc.*, No. 06-0267-WS-C, 2007 WL 60911 (S.D. Ala. Jan. 5, 2007).

    Accordingly, it is hereby ORDERED as follows:

    1. The Plaintiffs' Motion for Leave to File Supplemental Pretrial Contentions (Doc. #92)

is GRANTED in part and DENIED in part as follows:

    a.  Exhibit A to Doc. #92  is allowed as an amendment to the Pre-Trial Order, but the phrase "and those acting in concert with the Defendants" in paragraph iii is not allowed, and paragraph iv (d), regarding Marilyn Benson, is not allowed.

    2.  The Defendants' Motion to Amend/Correct to Add Defenses and to Reinstate a Defense to Their Pretrial Contentions (Doc. #93) is GRANTED in part and DENIED in part as follows:

    a.  The re-asserted same result/*Mt. Healthy* defense is not allowed.

    b.  The Pre-Trial Order is Amended to add the following contention of the Defendants: To the extent that Plaintiffs attempt to state a cause of action under Title VII for alleged acts of discrimination occurring outside the statutory time period for filing of charges with the Equal Employment Opportunity Commission ("EEOC"), such cause of action is time barred.

    c.  The Pre-Trial Order is Amended to add the following contention of the Defendants: The punitive damages claim of the Plaintiffs is unconstitutional.

Done this 16th day of October, 2008.

                                  /s/ W. Harold Albritton
                                W. HAROLD ALBRITTON
                                SENIOR UNITED STATES DISTRICT JUDGE