IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOAN FAULK OWENS and KAREN LYNN HUBBARD, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Civil Action No.  2:07cv650-WHA |
| STATE OF ALABAMA DEPT. OF MENTAL HEALTH AND MENTAL RETARDATION; JOHN HOUSTON, etc.; OTHA DILLIHAY, etc.; HENRY R. ERVIN, etc.; and MARILYN BENSON, etc., | ) ) ) ) ) ) ) | (WO) |
| Defendants. | ) | |

**ORDER**

This cause is before the court on Motions in Limine (Doc. #100, 101, 104, 108, 109, 110) filed in this case.

The Defendants have moved in limine (Doc. #100) to exclude policies, procedures, and regulations of the ADMH.  The Defendants state that the exhibits relating to various procedures and policies are irrelevant and that the only relevant policy or procedure is policy 60-20 which requires action without consideration of race, religion, national origin, color, age, sex or disability.

The Plaintiffs request that the court withhold ruling on these exhibits until the exhibit is offered at trial, when the court will be able to rule on admissibility based on the purpose and context.  The Plaintiffs state that some of these exhibits have been marked in anticipation of their use in rebuttal.

As the court explained in ruling on the Motion for Summary Judgment, in the usual

employment discrimination case, a violation of internal policies can be evidence of pretext. In this case, however, the parties have presented voluminous evidence and arguments as to what policies or laws are controlling at the ADMH; therefore, the court expressed doubt as to the relevance of this evidence without evidence that ADMH knew it was violating policy. The court expressly noted, however, that it did not need to reach this issue to rule on the motion for summary judgment, and invited the parties to move in limine as to this evidence at the earliest possible time before trial so that these issues could be resolved.

Because the Plaintiffs have not specifically responded to the relevance of policies or procedures challenged by the Defendants, the court is left without much guidance in evaluating the Defendants' motion. The position taken by the Defendants in moving for summary judgment was that, although there are policies in place, state law authorizes the Commissioner of the ADMH to act outside of regulatory law and internal policies. Even if the Plaintiffs were successful in demonstrating, therefore, that the Commissioner's failure to follow internal policies or state regulatory law was a violation of those policies, to be probative of whether his explanation for his actions is pretextual, the Plaintiffs would have to demonstrate more than that the Commissioner violated the policies by mere mistake, because a mistaken belief does not establish pretext in an employment case.

The standard for when departures from rules is evidence of pretext in an employment case has been described by the Eleventh Circuit as evidence that established rules were bent to give a candidate an advantage. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763 (11th Cir. 2005). The Second Circuit has similarly required that evidence of procedural irregularities reasonably affect the employment decision for the irregularities to be considered evidence of

pretext. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 45 (2d. Cir. 2000). Therefore, whether or not the Commissioner followed internal policies is only relevant if it had some bearing on the decision. In this case, the theory under which the Plaintiffs are traveling is that Dillihay had discriminatory animus and that Houston, as the final decision maker, did not remove the taint of that animus in his approval of the position. Some of the policies identified by the Plaintiffs, specifically those related to the JEC, might bear on these questions. That is, the jury might draw an inference from the fact that Houston, even if lawfully, chose not to follow the procedure allowing for consideration by the JEC, and instead chose to approve the position before getting input from the JEC. Therefore, the court concludes that some of the Plaintiffs' policy evidence might indeed be relevant.

The possibility of confusion of the issues before the jury is great in this area. If the court determines that evidence of ADMH policies and procedures is relevant on the theory described above, or some similar theory, after having taken this up outside of the presence of the jury, the court will give the jury a limiting instruction about the purpose for which the evidence has been admitted.

Accordingly, the Plaintiffs are not precluded from introducing evidence of policies and procedures, but they may not refer to such evidence in opening statement, and must take up the evidence outside of the presence of the jury before introducing it.

Related to this issue is the Plaintiffs' Motion in Limine (Doc. #108) regarding testimony by Emmett Poundstone. The Plaintiffs seek to exclude any testimony from Emmett Poundstone, stating that Emmett Poundstone has never been identified or disclosed as a witness. The Plaintiffs further state that Poundstone has never been identified as an expert witness and that his

testimony would be expert testimony, and so should not be allowed.

The Defendants respond that they do not intend to have Emmet Poundstone testify as an expert as to interpretation of laws and practices, but instead as to his own personal knowledge of the qualifications of the previous Departmental Assistant Personnel Manager position. Poundstone was disclosed as a witness on the Defendants' Witness List (Doc. #88) filed on September 22, 2008, the deadline for doing so under Section 9 of the Uniform Scheduling Order (Doc. #33). The Plaintiffs were also aware of Poundstone as a witness because an affidavit from him was submitted by the Defendants in support of the Motion for Summary Judgment. Therefore, the motion in limine is due to be denied to the extent that Poundstone is testifying to things within his own personal knowledge, rather than giving an interpretation of laws or practices. He will not be allowed to state expert opinions.

The Defendants have also moved in limine (Doc. #101) to exclude evidence of past or present membership by Defendant Dillihay in social, community or service organizations. The Defendants state that the Plaintiffs have listed certain exhibits, numbers 3, 38, and 39, that are directly related to or refer to an organization named the National Forum for Black Public Administrators or (NFBPA). The Defendants state that the Plaintiffs have also designated deposition excerpts from Mr. Dillihay regarding membership in a black college fraternity and other political and service groups. The Defendants state that Dillihay was also questioned during his deposition about a mentoring opportunity his son participated in sponsored by the Congressional Black Caucus.

The Defendants argue that this evidence is being used as 404(b) evidence to create an inference of racism. The Defendants further state that the evidence should be excluded under

Rule 403. Finally, the Defendants argue that using this evidence would violate Dillihay's First Amendment associational rights.

The Plaintiffs say that the Defendants have marked Dillihay's resume as an exhibit but then want to preclude them from examining Dillihay about his membership in certain organizations and groups. The Plaintiffs further state that the evidence is relevant as Fed. R. Evid. 404(b) to prove intent and absence of mistake, citing *Agushi v. Duerr*, 196 F.3d 754, 760 (7th Cir. 1999). That case, however, is not remotely similar to this one.

It may be that the Defendants open the door to further evidence by what they choose to introduce about Dillihay's associations. Barring that event, the Plaintiffs will be precluded from introducing Dillihay's associations, as the evidence is only remotely probative, and is substantially outweighed by the danger of confusing the issues and misleading the jury under Rule 403.

The Defendants have moved in limine (Doc. #104) to exclude the EEOC file of the Plaintiffs. This motion covers Plaintiffs' exhibits 35, 126, 36, 125, 37, 117, 158, 159, 160, 161, 162, 163, and 164. A determination by the EEOC can be admissible evidence. *See Goldsmith v. Bagby Elevator Co., Inc.,* 513 F.3d 1261, 1288 -1289 (11th Cir. 2008). The determination of whether to admit findings by the EEOC, however, is left to the sound discretion of the district court and the court considers factors such as whether the report contains legal conclusions in addition to its factual content, whether the report raises questions of trustworthiness under Rule 803(8)(c), and whether it presents problems cognizable under Rule 403. *Barfield v. Orange County,* 911 F.2d 644, 651 (11th Cir. 1990).

The Plaintiffs state that they will abide by what the court said in the pre-trial conference

and not attempt to admit any parts of the EEOC file in their case in chief, except for Exhibit 158, which is the charge of discrimination and shows the date on which it is filed in addition to the statement that the charge is based on the position announcement. The Plaintiffs seek to use this exhibit as the unequivocal notice they received of the adverse decision, triggering the 180 day time limit. The court agrees that in light of the recently-argued statute of limitations defense, Exhibit 158 is admissible, and the Motion in Limine is due to be granted in all other respects.

The Plaintiffs move in limine (Doc. #109) to exclude various exhibits prepared by the Segal Group. According to the Plaintiffs, the Segal Group is an international consulting company that consults on employee benefits, compensation, and human resources. The Segal Group was hired by ADMH and issued a final report in November of 2007. The Plaintiffs say that none of the documents identified are self-authenticating and no witness has been designated who can authenticate them. The Plaintiffs also state that the documents contain inadmissible hearsay. Finally, the Plaintiffs contend that the evidence is irrelevant because the documents were prepared after the events which are the basis of this lawsuit. The Plaintiffs also object to Exhibit 82 on the grounds that it is job specifications based on the Segal Final Report and so inadmissible for the same reasons the report is.

The Defendants state that their witnesses can establish an evidentiary foundation for Exhibits 42, 50, 82, 98, 99, and 100. The Defendants state that this evidence is admissible under Rule 803(6) as a business record. They state that ADMH contacted the Segal Group to update the Wage and Classification Study and Exhibits 42, 50, 98, 99, and 100 were prepared pursuant to that contract. The Defendants argue that business records need not be prepared by the entity that has custody of them to be admissible, citing *U.S. v. Parker*, 749 F.2d 628, 633 (11th Cir.

1984).

The Defendants concede that it was during the proposal stage of the Wage and Class study that the ADMH Departmental Assistant Personnel Manager position was created.  The Defendants state that the relevance of this evidence, particularly the job specifications, is that they "confirm Commissioner Houston's belief through this entire case that he wanted to have a bachelor's degree requirement for all upper level positions."  Doc. #140, p.4.

Houston's belief at the time of the decision is relevant.  The fact that Houston's belief was ultimately was born out by a study not in existence at the time of the decision in question is only marginally relevant in that it could possibly be evidence that Houston's belief was one a reasonable person may have held.  Should the Plaintiffs question the reasonableness of Houston's belief at trial, it is possible that the door may be opened to this evidence.  At this point in the proceedings, however, the danger of confusing, or even misleading, the jury by putting before it evidence that an outside body made a recommendation, which ADMH adopted after the fact, causes the probative value of this evidence to be substantially outweighed under Rule 403.  The Defendants are not to refer to this evidence in any way without first taking it up outside of the presence of the jury, and only then if Plaintiffs have opened the door to this evidence.

The Defendants have also moved in limine (Doc. #110) to exclude the deposition of Dillihay based on what they have identified as incomplete deposition designations by the Plaintiffs.  This objection was resolved by the court's Order, Doc. #129, allowing the Defendants to file supplemental deposition designations, so the Motion in Limine is due to be DENIED as moot.

Finally, the Plaintiffs object to Defendants' Exhibit 104 on the basis that the Plaintiffs do

not know what it is and it has never been produced. The Defendants respond that this exhibit was sent to the Plaintiffs on March 6, 2008, and also was attached to Commissioner Houston's declaration. The court cannot make a determination of admissibility as to this document at this time. The Defendants must take up this evidence outside of the presence of the jury before referring to it or introducing it.

For the reasons discussed, it is hereby ORDERED as follows:

1. The Defendants' Motion in Limine Regarding Policies, Procedures, Rules, and Regulations (Doc. #100) is GRANTED only to the extent that the Plaintiffs may not refer to evidence of ADMH policies and procedures in opening statement, and must take up the evidence outside of the presence of the jury before introducing it.

2. The Defendants' Motion in Limine regarding membership in organizations (Doc. # 101) is GRANTED to the extent that the Plaintiffs may not introduce evidence of Dillihay's associations with various groups, unless the Defendants open the door to that evidence.

3. The Defendants' Motion in Limine regarding the EEOC file (Doc. #104) is DENIED as to Plaintiff's Exhibit 158, and the Motion in Limine is GRANTED in all other respects.

4. The Plaintiffs' Motion in Limine regarding testimony of Emmett Poundstone (Doc. #108) is DENIED to the extent that Poundstone is testifying to things within his own personal knowledge, rather than giving an interpretation of laws or practices, and GRANTED in all other respects.

5. The Plaintiffs' Motion in Limine (Doc. #109) is GRANTED to the extent that the Defendants are not to refer to exhibits involving the Segal Group study and report, or to Exhibit 104, in any way without first taking it up outside of the presence of the jury.

      6. The Defendants' Motion in Limine regarding Dillihay's deposition (Doc. #110) is DENIED as moot.

      The remaining Motion in Limine of the Defendants (Doc. #113) will be addressed in a separate Order.

      Done this 22nd day of October, 2008.

      /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE