**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JOAN FAULK OWENS and KAREN LYNN HUBBARD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  2:07cv650-WHA |
| STATE OF ALABAMA DEPT. OF MENTAL HEALTH AND MENTAL RETARDATION; JOHN HOUSTON, etc.; OTHA DILLIHAY, etc.; HENRY R. ERVIN, etc.; and MARILYN BENSON, etc., | ) ) ) ) ) ) | (WO) |
| Defendants. | ) ) ) | |

**ORDER**

This cause is before the court on a Motion in Limine filed by the Defendants (Doc. #113) and the Defendants' Objections to Plaintiffs' Exhibit List (Doc. #121).  The Motion in Limine contains objections to particular exhibits, some of which are duplicated in the Objections to Plaintiffs' Exhibit List, specifically objections to Plaintiffs' Exhibits # 23, 25, 26, 29, 31, 84, 85, 88, 90, 93, 98, 101, 103, 118, 130, 131, 132, 133, 134, 135, 136, 137, 138, 140, 141, 142, 143, 144, 145, 166, 167, 171, 172, and 173.  Those objections will be discussed within the context of the Motion in Limine.

The Defendants have moved to exclude evidence relating to other job announcements, specifications, substitution of degrees, and employees Kristopher Vilamaa and Jim Elliott, which the Plaintiffs seek to admit because they concern positions where substitution of a requirement of a college degree was allowed.  The Defendants argue that the positions identified are not probative in this case because they are not sufficiently similar to the position denied the Plaintiffs.

At the outset, the court notes that the Plaintiffs contend that the Defendants' objections in Doc. #121 are untimely, having been filed on October 14, 2008. Because October 13, 2008 was a federal holiday, the court has considered the Objections.

The Plaintiffs have responded that the court already considered this evidence at the summary judgment stage. In the context of ruling on the Motion for Summary Judgment, however, the court merely noted that the Plaintiffs had pointed to thirteen positions and the Defendants disputed that those positions were sufficiently similar. The only positions as to which the court found relevant fact questions, based on the evidence presented at that point in the case, were positions given to employees Elliott and Vilamaa.

The Defendants have advanced a new argument as to the admissibility of the evidence regarding Elliott and Vilamaa. The Defendants state that because Elliott and Vilamaa are white individuals, they cannot be used as comparators for the purposes of a prima facie case of discrimination by the Plaintiffs, who are also white. It is certainly true that these individuals are not proper comparators for establishment of a prima facie case of race discrimination. That was not the purpose for which the evidence was considered at the summary judgment stage. The Defendants have argued in this case that Houston required a bachelor's degree without substitution in the creation of the position at issue because the ADMH was updating its classification of positions and he anticipated that bachelor's degrees would be required for certain positions. This evidence is used to call that explanation into question, not to argue that different treatment of other white persons allows the Plaintiffs to recover for disparate treatment. The Defendants have now advanced the argument that the substitution for Vilamaa was for the master's degree requirement, so that the difference makes the evidence inadmissible. The

difference in the degrees in question appears to the court to go to the weight, not the admissibility of this evidence.

The Defendants have also specifically objected to Exhibit #135, Vilamaa's score during the application process. The court is unaware of why this is evidence is relevant, but will rule on any objection to this exhibit, if it is offered, in light of the state of the evidence at trial.

The Defendants also object to Plaintiffs' Exhibit 28 as containing material extraneous to the Vilamaa position. It appears to the court that Plaintiffs' Exhibit 28 could be easily redacted by omitting the pages after page one and marking through the portions of page one that do not relate to Vilamaa.

With regard to evidence of the position awarded Elliott, the Plaintiffs inferred from the evidence presented at the summary judgment stage that Elliott obtained a position at pay grade 82 by using experience in substitution for a college degree. The Defendants did not dispute that interpretation of the evidence at summary judgment. The Defendants have now advanced the new argument that the substitution allowed was substitution for a different bachelor's degree for the required bachelor's degree. The Plaintiffs should take up this evidence outside of the presence of the jury before referring to it at trial.

There are additional objections to specific evidence regarding Elliott on the grounds that the evidence, such as interviewer questions, are irrelevant. After the court makes a determination outside of the presence of the jury, if asked to do so, whether evidence regarding Elliott is permissible, the court will entertain addition objections to specific evidence on relevance grounds.

Other evidence of positions which reflect that substitution is allowed appears to be solely

descriptions of those positions, rather than evidence that substitution was allowed during the

relevant time to fill these particular positions, with the exception of Exhibit #25, discussed

below.  It appears to the court that the evidence which merely indicates that substitution may be

allowed for a particular position, rather than establishing that it was allowed for a particular

employee, may be relevant for at least two purposes:  to undermine Houston's explanation that

the particular position at issue in this case required a college degree, and to establish a historical

context for ADMH's decision not to allow substitution for a degree in the position at issue in this

case.

The Defendants state that with regard to the position descriptions in Plaintiffs' Exhibits

84, 85, 90, 93, although a substitution provision is included in the position description, there can

be no substitution for a college degree.  These exhibits concern the positions of Nursing Home

Administrator Positions I and II, and the Health Facilities Director and Director of Residential

Services positions.

The Plaintiffs have not responded to this argument by the Defendants.  The court has

reviewed the exhibits and it appears that Plaintiffs' Exhibits # 84 and 85 contain a substitution

provision, but it is not within the qualifications section which governs education requirements.

Plaintiffs' Exhibits # 90 and 93 contain a substitution provision within the education

requirements, but the Defendants have pointed to regulations which indicate that a degree is

required for required certification of these positions.

Plaintiffs' Exhibits # 84 and 85 do not allow for substitution of education requirements

on their face.  Plaintiffs' Exhibits # 90 and #93 contain a substitution provision that has to be

further explained in light of the licensing requirements, and is not apparent on the face of the

documents.  Therefore, the court concludes that the evidence of  these particular positions, if it is

relevant at all, has enough dissimilarity from the evidence of the positions at issue to tip the Rule

403 balancing against admission, so that these exhibits are due to be excluded.

The Defendants have also moved in limine to exclude Plaintiffs' Exhibit # 25, which is

minutes of a June 10, 2005 JEC meeting in which substitution was approved for Susan

Szczepanski, who applied for a Staff Development Training Specialist II position.  Exhibit # 25

states on its face that there was no issue with the degree requirement, but only with experience.

So the substitution was substitution for experience, not a degree.  Therefore, the high degree of

dissimilarity of this position from the position at issue makes the evidence only minimally

probative on the issue of the credibility of Houston's explanation and the historical practice of

allowing substitution, and is substantially outweighed by the danger of confusion of the issues

under Rule 403.  Therefore, that evidence will not be admitted.  The admissibility of Exhibit #26,

however, the position description, which allows for the substitution of the education

requirement, falls under the category of evidence of the past allowance of substitution by

ADMH.

The Defendants also object to evidence regarding Fiscal Manager I, Fiscal Manager II,

Fiscal Manager III, Personnel Manager I, Personnel Manager III, Technical Services Specialist I,

Mental Health Specialist II, Staff Development Specialist IV, Recreation/Activity Specialist I,

Administrator III, Administrator VI, which are Plaintiffs' Exhibits # 26, 31, 97, 98, 101, 127,

128, 138, 165, 166, 167, 169, 171, 172, 173, stating that those positions are beneath the pay

grade of the position sought by the Plaintiffs and/or are not newly-created positions and are,

therefore, too dissimilar to be admissible.

To the extent that this evidence is offered for the purpose of undermining the position of Houston, and the ADMH, that the newly-created position at issue in this case required a college degree and ADMH could not accept substitution of experience for that requirement, positions at or higher than the pay grade of the position the Plaintiffs sought are more probative.  It also appears to the court, as discussed above, however, that evidence of positions where substitution for a degree has been allowed in the past is relevant as a historical matter in presenting the case to the jury, even though the positions are at a lower pay grade.  The dissimilarity posed by a slight difference in pay grade is not so great as to cause Rule 403 balancing to tip in favor of exclusion of this evidence.  Therefore, even those positions not at the same or higher pay grade are relevant.  In addition, the court finds that this evidence may be relevant for the outlined purposes even though the positions are not newly-created positions.  The Defendants are, of course, free to offer testimony as to why substitution was acceptable for those positions, as distinguished from the one involved in this case.

Related to this issue is the Defendants' separate objection to Plaintiffs' Doc. #7, which is a document confirming appointment of Ervin to HR Director.  The Defendants state that this document is irrelevant as it concerns events eight years before the alleged act of discrimination, and if it is only used to show when Ervin because the Director, it is a waste of time.  The court finds that this evidence may at least fall within the rationale of explaining the historical practice of the ADMH to allow for substitution.

It may be that the number of exhibits offered for the purpose of establishing the historical practice of the ADMH to allow substitution for a degree requirement will need to be limited so as not to be unnecessarily cumulative.  Therefore, with regard to Plaintiffs' Exhibits # 7, 26, 31,

97, 98, 101, 128, 138, 165, 166, 167, 169, 173, 171, 172, the court will have to determine

admissibility given the state of the evidence if the evidence is offered, and if there is an objection

at trial.

Finally, the Defendants object to Plaintiffs' Exhibit # 73 as a collective exhibit, stating

that many of the documents are located elsewhere, and that viewing together minutes of

Personnel Managers' meetings and JEC meetings would confuse the jury.   The court agrees that

the exhibit does appear to be repetitive and it is unclear the purpose for which it was used.  It

may be a duplicate exhibit which was identified by the Plaintiffs by that number during

depositions.  The court will rule on this objection in light of the state of the evidence, if these

exhibits are offered and objection is made.

The Defendants have also advanced numerous objections to exhibits that are not part of

the instant Motion in Limine (Doc. # 113).

The Defendants object to Plaintiffs' Exhibit #1, which is a timeline, on the basis that it

contains misrepresentations of the facts because it states that the position announcement as

initially prepared did not allow for substitution, and because it implies that the JEC had the

authority to approve the position, and improperly identifies comparators. The Defendants also

object that this is a demonstrative aid and ought not be admitted into evidence.

Plaintiffs' Exhibit #1 can be used as a demonstrative aid only.  It will not be sent back to

the jury, but the Plaintiffs may refer to it in opening statements and/or closing arguments as

representing their view of the evidence. If used in opening statement, however, the Plaintiffs

must remove the reference to Elliott because, as discussed above, the evidence regarding Elliott

will have to be taken up outside of the presence of the jury.

Plaintiffs' Exhibits #3, 38, 39, 40, 40(a) are objected to by the Defendants as relating to Dillihay's memberships and work with charitable and other organizations.  These exhibits have been addressed within the context of a motion in limine ruled on in an earlier Order (Doc. #151), and if the door is opened to such evidence, as discussed in the previous Order, it must be taken up outside the presence of the jury.

The Defendants object to Plaintiffs' Exhibit #6, a Central Office Organizational Chart dated November 2007.  The Defendants object to this on the grounds of 401 and 403,  stating that it does not relate to the issues identified and is a needless presentation of evidence.  This document appears to be an organizational chart generated by ADMH.  Regardless of its source, the court does not find that Rule 403 balancing requires its exclusion.

The grounds for the Defendants' objections to exhibits concerning the Plaintiffs' EEOC file, Plaintiffs' Exhibits #35, 36, 37, 117, 125, 126, 158, 159, 160, 161, 162, 163, 164, were discussed in the context of an earlier Motion in Limine.  In accordance with the court's previous Order (Doc. #151), the objection is due to be sustained as to all of these exhibits, except Plaintiffs' Exhibit #158.

Several documents offered by the Plaintiffs relate to the employment of Ervin.  These include Exhibits # 56, 150, 151, and 152, which are an employment application of Ervin, an interview schedule, an appointment letter, and an employment appraisal.  The Defendants object on the grounds of Rules 401 and 403, stating that the job performance of Ervin is irrelevant to the issues in the trial, and that the interview schedule and other evidence regarding Ervin's appointment is needless information that will be confusing to the jury.  The court finds that the relevance of some of these exhibits, particularly the interview schedule, Plaintiffs' Exhibit #151,

is unclear.  The court will rule on any objection raised at trial given the state of the evidence, if these exhibits are offered.

There are several exhibits which relate to the work performance of Owens, Hubbard, and Benson to which the Defendants object on relevance grounds, including Exhibits # 57, 58, 59, 60, 60(a), 60(b), 60(c), 60(d), 74, and 79.  The court will rule on any objection raised at trial given the state of the evidence, if these exhibits are offered.

Similarly, the court will rule on any objection raised at trial in light of the state of the evidence, if Plaintiffs' Exhibit #66, a memo from Ervin to Hubbard regarding supervisory changes after filling the Departmental Personnel Assistant Manager position, is offered.

The Defendants object to Exhibits # 70, 71, 72 which purport to be print-outs from websites from Georgia and Tennessee.   The Defendants state that there is no witness listed who can authenticate that the exhibits identified by the Plaintiffs are what Benson looked at during the relevant time period.  The Defendants state that these pages from the websites were printed by Plaintiffs' counsel.

The Plaintiffs point to Benson's deposition in which she was shown Plaintiffs' Exhibit #70 and testified that she remembered printing it off and that she recalled looking at Plaintiffs' Exhibit # 71.  The Plaintiffs argue that the documents are admissible under Rule 803(8) because they were obtained from government websites and can be authenticated by witness testimony. The court has not been pointed to testimony regarding Exhibit #72.

At least one court has concluded that print-outs from a web site do not bear the indicia of reliability demanded for other self-authenticating documents under Fed. R. Evid. 902.  To be authenticated, some statement or affidavit from someone with knowledge is required.  *In re*

*Homestore.com, Inc. Securities Litigation.,* 347 F. Supp.2d 769, 782 (C.D. Cal. 2004).

In this case, however, Benson testified that the exhibits shown her were, at least

Plaintiffs' Exhibits #70 and #71, what she looked at during the relevant time.  If Benson testifies

at trial consistently with her deposition on this point, the court may admit these exhibits, but with

a limiting instruction to the jury as to the purpose for which the jury can consider them.

The Defendants object to Exhibits #75 and 114, which are email correspondence.  These

exhibits state that Owens was placed "in charge" during Marilyn Benson's absence on May 7,

2007.  The Defendants state that these events occurred well after the events in question and that

placing Owens in charge for the day is no way relevant to the issues.  The court will rule on any

objection raised at trial given the state of the evidence, if these exhibits are offered.

The Defendants identify the following exhibits as duplicative: Plaintiffs' Exhibits #18

and 51; 19 and 46; 20, 42 and 47; 29 and 88; and 41 and 50.  They ask that one copy of each be

stricken.

The Plaintiffs state that to the extent that numbers are duplicative, it is because the

exhibit was used in multiple depositions, but with different exhibit numbers, so, if the exhibit is

referenced in a deposition read into evidence, the documents have been marked with those

deposition designation numbers.  The court agrees that only one copy of each such exhibit

should be admitted in evidence, with single trial exhibit numbers.  The document admitted may

show in parentheses (Dep.Ex. ___).  Plaintiffs may choose the single trial exhibit number to be

used for each such document to be offered and advise Defendants of the selection before trial.

Finally, objections to Plaintiffs' Exhibits #16, 17, 81, 83, 113, 123, and 124, which

concern policies of the ADMH, have been addressed in the context of a motion in limine ruled

on by separate Order (Doc. #151), and must be taken up outside of the presence of the jury in accordance with that Order.

Accordingly, it is hereby ORDERED as follows:

1.  Defendants' Motion in Limine (Doc. #113) is GRANTED to the following extent:

a.  The Plaintiffs must take up outside of the presence of the jury evidence regarding the appointment of Jim Elliott and Exhibit #73.

b.  Plaintiffs' Exhibit 28 must be redacted by the Plaintiffs, consistent with this Order.

c.  Plaintiffs' Exhibits # 25, 84, 85, 90, and 93 are excluded from trial.

2. The Motion in Limine (Doc. #113) is DENIED in all other respects.

3.  The Defendants' Objections to Plaintiffs' Exhibit List (Doc. #121) are SUSTAINED to the following extent:

a.  Plaintiffs' Exhibit #1 can only be used as a demonstrative aid and the reference to Elliott should be removed if the demonstrative aid is used in opening statement.

b.  The objections are sustained to the extent that the following exhibits have been addressed in connection with motions in limine and  may not be referred to without being taken up outside of the presence of the jury in accordance with the court's Order (Doc. #151): Plaintiffs' Exhibits # 3, 38, 39, 40, 40(a) and Plaintiffs' Exhibits # 16, 17, 81, 83, 113, 123, and 124.

c.  The Objections are sustained as to the following exhibits which are due to be excluded in accordance with a previous Order (Doc. #151) on motions in limine:  Plaintiffs' Exhibits # 35, 36, 37, 117, 125, 159, 160, 161, 162, 163, 164.

4.  The remaining objections will be ruled on at trial, in light of the evidence, if and

when, the exhibits are offered and an objection is made.

The court will rule by separate Order on objections to evidence regarding Dr. Lindsey
and Dr. Kumar.

Done this 23rd day of October, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE