**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

JOAN FAULK OWENS and KAREN     )
LYNN HUBBARD,                  )
                               )
          Plaintiffs,          )
                               )
v.                             )          Civil Action No.  2:07cv650-WHA
                               )
STATE OF ALABAMA DEPT. OF      )              (WO)
MENTAL HEALTH AND MENTAL       )
RETARDATION; JOHN HOUSTON, etc.; )
OTHA DILLIHAY, etc.; HENRY R.   )
ERVIN, etc.; and MARILYN BENSON, etc.,)
                               )
                               )
          Defendants.          )

## <u>ORDER</u>

This cause is before the court on an Objection and Motion to Strike filed by the Plaintiffs

(Doc. #105), Objections to the Plaintiffs' Witness List (Doc. #102), and Objections (Doc. #121)

to evidence related to two of the witnesses also objected to by the Defendants.

The Plaintiffs filed an Objection and Motion to Strike the Defendants' Deposition

Designations (Doc. #105).  In response to the Defendants' Objections to deposition designations

by the Plaintiffs on the grounds that complete answers were not given, this court allowed the

Defendants time in which file deposition designations.  Accordingly, the Objection and Motion

to Strike are due to be OVERRULED and DENIED as moot.

The Defendants have objected to several of the witnesses listed by the Plaintiffs (Doc.

#102).   The Defendants object to Herbert Kinsey, Kimberly Kramer, Nina Browning, Cindy

Futral, Michael Hubbard, Sheri Guenster, Murry Gosa, Kay Lindsey, Beverly Hinton, Delner

Franklin-Thomas, Greg Etheridge, Joe Long, Eleanor Torbert, Jim Elliott, Kristopher Vilamaa,

Gena Watts, Jodi Smith, Brooke Hogan, Kathy Lindsey, and Bipin Kumar, and several catch all

categories.

The Plaintiffs state that they strike from their list Kimberly Kramer and Mike Finnerin.

The Defendants state that Herbert Lindsey, Kimbely Kramer, Nina Browning, Cindy Futral, Michael Hubbard, Greg Etheridge, Joe Long, and Eleanor Tolbert have never been disclosed even though the Defendants propounded discovery asking for the names of individuals with knowledge of the assertions in the complaint.   The Defendants also object to the designation of anyone whose name appears in documents, expert witnesses, representatives of the EEOC.  These include Sheri Guenster, Murry Gosa, Kay Lindsey, Beverly Hinton, and Delner Franklin-Thomas.

Plaintiffs respond that Dr. Kumar and Dr. Kathy Lindsey are fact witnesses identified in initial disclosures and whose medical records have been previously subpoened by the Defendants.  The Defendants state that because Dr. Kumar and Dr. Kathy Lindsey have not been listed as experts, their only testimony in this case can be as to treatment and care, and they can offer no opinion as to causation.  The Defendants point out that the Plaintiffs have the burden of proving that any mental anguish they may have suffered was caused by their claims in the case. The Defendants state that without expert testimony as to causation, testimony of care and treatment will be confusing to the jury.   The Plaintiffs respond that the doctors will testify regarding the complaints made by the patients, but will not offer testimony as to causation.

The Plaintiffs have also listed exhibits related to these witnesses' testimony which has been objected to by the Defendants.  Plaintiffs' Exhibits #99, 100 are Dr. Kathy Lindsey's CV and her treatment records of Lynn Hubbard and Plaintiffs' Exhibit # 121 and 122 are the CV of Dr. Kumar and treatment records of Joan Owens.  The Defendants raise the same objections

which were raised in the objection to Drs. Kathy Lindsey and Kumar on the Plaintiffs' witness list.  They state that the doctors should not be able to testify as an expert witness, so there is no basis for the admissibility of their CVs and treatment records.

The Defendants further state that even if the doctors are allowed to testify, the Defendants object that the documents are not authenticated because they were obtained from a non-party and there is no certificate of authenticity.  The Plaintiffs have not responded to these objections.  The doctors being allowed as fact witnesses does not make their CVs admissible, and the Objection is due to be SUSTAINED as to ExhibitS #99 and 121.  With respect to Exhibit #100 and 122, the medical records, the court agrees that the Objection is due to be SUSTAINED on the basis of authenticity unless the Plaintiffs can authenticate the exhibit at trial.  If authenticated and offered, the court will determine admissibility at that time.

They also state that Michael Hubbard is Plaintiff Lynn Hubbard's brother who will testify regarding the mental anguish and emotional distress Mrs. Hubbard suffered.  Plaintiffs' counsel states that he did not know of Hubbard's knowledge until the discovery deadline.  They state that the Defendants have never sought to depose anyone regarding Hubbard's mental anguish and that they would have been entitled to depose Mr. Hubbard once his name was disclosed on the final witness list.

Michael Hubbard was listed in a timely-filed exhibit list, along with an address and telephone number.  The Defendants contend that it is absurd that the Plaintiffs did not know of Hubbard's identity, but that is the Plaintiffs' position.   The Defendants state that Hubbard ought not be allowed to testify as to causation of the Plaintiff Hubbard's emotional distress, and without expert evidence of causation, his testimony is not relevant.  The Defendants further state

that during Hubbard's deposition, Plaintiffs' counsel represented that he would prepare a list of family members. The Defendants have cited to an Exhibit F to Doc. #102 and an Exhibit A to Exhibit #152, neither of which is an excerpt from Hubbard's deposition. In fact, Exhibit F does not exist. The court concludes that because Hubbard was timely disclosed with the appropriate identifying information, he will be allowed to testify as to his observations of his sister during the relevant time.

Cindy Futral and Nina Browning are former co-workers of Plaintiff Owens at Elmore Community Hospital and will testify regarding Owens executive duties and experience while employed at the Elmore Community Hospital. The Plaintiffs state that the Defendants will not be prejudiced by this testimony because they have made no effort to obtain personnel records from the hospital and they could be deposed once disclosed.

The court concludes that even if the court were to excuse the failure to disclose these witnesses, they would not provide relevant testimony. The only qualification of Plaintiff Owens which is relevant in this case is her lack of a college degree. The court has not allowed a defense based on relative qualifications of the Plaintiffs and Benson. Therefore, this objection is due to be SUSTAINED on relevance grounds.

The Plaintiffs state that Herbert Lindsey was not made known to the Plaintiffs until September 2008, after the discovery deadline and after the ruling on summary judgment. Lindsey is a current employee of the ADMH who has made complaint about race discrimination against white persons at Searcy Hospital, which is in Mobile. The Plaintiffs state that he has made complaints to persons who are on the Defendants' witness list and is expected to testify for the Defendants. They state that he has evidence of deliberate indifference of failure to address

complaints of racial discrimination.

The Defendants respond that Dr. Herbert Lindsey's complaints have been a single complaint of race discrimination which was found to be not substantiated, and a more recent claim which was not race discrimination and which was not related to hiring or the qualifications of a position.  Although the Plaintiffs filed a final response to the Defendants' reply, they have not addressed this characterization of Herbert Lindsey's complaints.

Evidence of other instances of discrimination, or "me too" evidence can be admissible, under Rule 404(b), to prove the intent if there is discrimination by the same supervisor. *Goldsmith v. Bagby Elevator Co., Inc.,* 513 F.3d 1261, 1286 (11th Cir. 2008).  The claims in this case only tangentially concern complaints of discrimination.  The primary claim has to do with the creation of a position from which the Plaintiffs were excluded from applying.  There has been no showing that Dr. Herbert Lindsey's experiences are similar to those in this case. Therefore, even if the court were willing to excuse the failure to disclose him, the evidence is due to be excluded under Fed. R. Evid. 403, and the Objection to Dr. Herbert Lindsey as a witness is due to be SUSTAINED.

The Defendants object to calling Jim Elliot and Kristopher Vilamaa, stating that they are not similarly situated to the Plaintiffs and their testimony is not relevant.   The court has previously addressed testimony regarding these two individuals and has ruled that motions in limine to exclude such testimony are not due to be granted, but that testimony regarding Jim Elliott had to be taken up outside the presence of the jury.  This objection is due to be overruled at this time.

The Defendants also object to Gena Watts, Jodi Smith, and Brooke Hogan because they

did not work at the ADMH at the relevant time.  There is no question that these witnesses were disclosed.  The Plaintiffs state that Gena Watts and Jodi Smith are potential fact witnesses previously disclosed in discovery who are employees of the ADMH and work with the Plaintiffs and have knowledge of facts alleged in the Complaint.  The Plaintiffs further state that Brooke Hogan is a current employee referenced in depositions in this case.  The Plaintiffs further state that these witnesses have knowledge of and can testify to the present continued use and application of the substitution provision.

This court has ruled by separate Order granting a Motion in Limine of the Plaintiffs as to evidence of a study, report, and classifications done after the position at issue is in question.  The court noted at that time that the Plaintiffs might open the door to such evidence if they were to question whether Commissioner Houston's belief that there would be changes in the future was a reasonable belief.  Consistently with that analysis, the court concludes that the evidence from these witnesses about practices after the creation of the position is not admissible in the Plaintiffs' case-in-chief.  If the Segal study and related evidence is admitted, however, these witnesses might be used for rebuttal testimony.

The Defendants object to Greg Etheridge, Joe Long, and Eleanor Torbert as witnesses on grounds that there are so many employees of the ADMH, it would be impossible to anticipate that any one of them would be called as a witness, and that the Plaintiffs had a duty to disclose these witnesses.

The Plaintiffs have never responded to the Defendants contention that they had a duty to, and failed to disclose these witnesses. In the two briefs, consisting of eleven pages of argument, presented by the Plaintiffs in opposition to the Defendants' motion, there is no mention of the

reason for the Plaintiffs' failure to disclose.  The Plaintiffs merely say that these three witnesses are human resource officers who are knowledgeable about the use of substitution before, during, and after the events in question.  With no basis for excusing the failure to disclose, the court concludes that the Objection is due to be SUSTAINED as to these witnesses.

The Defendants also seek to preclude representatives of the EEOC, including Sheri Guenster, Murry A. Gosa, Kay Lindsey, Beverly B. Hinton, and Delner Franklin-Thomas, from testifying.  The Plaintiffs respond that these witnesses would only be called for rebuttal.  The court has ruled in a separate Order (Doc. #151) that evidence from the EEOC file not be admitted, except for Document #158, which is relevant to the defense of the statute of limitations.  The court concludes, therefore, that the Objection to these witnesses is due to be SUSTAINED.

Accordingly, for the reasons discussed, it is hereby ORDERED as follows:

1. The Plaintiffs' Objection and Motion to Strike (Doc. #105) is OVERRULED and DENIED as moot.

2. The Defendants' Objections to the Plaintiffs' Witness List (Doc. #102) is SUSTAINED as to listed witnesses Cindy Futral, Nina Browning, Herbert Lindsey, Greg Etheridge, Joe Long, Eleanor Torbert, Sheri Guenster, Murry A. Gosa, Kay Lindsey, Beverly B. Hinston, and Delner Franklin-Thomas, and Gena Watts, Jodi Smith, and Brooke Hogan, except to the extent they may be called in rebuttal.

3. The Defendants' Objections to the Plaintiffs' Witness List (Doc. #102) are OVERRULED as to Dr. Kumar, Dr. Kathy Lindsey, and Michael Hubbard, to the extent that those witnesses testify only to personal observation and offer no opinion as to causation of

emotional distress.

    4.  Defendants' Objections to Exhibits (Doc. #121) are SUSTAINED as to Plaintiffs'

Exhibits # 99 and 121 and to Exhibits #100 and 122, to the extent that they have not been

authenticated.

    Done this 24th day of October, 2008.

                    /s/ W. Harold Albritton
                    W. HAROLD ALBRITTON
                    SENIOR UNITED STATES DISTRICT JUDGE