IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOAN FAULK OWENS and KAREN ) | | |
| LYNN HUBBARD, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| v. ) | Civil Action No. 2:07cv650-WHA | |
| ) | | |
| STATE OF ALABAMA DEPT. OF ) | (WO) | |
| MENTAL HEALTH AND MENTAL ) | | |
| RETARDATION; JOHN HOUSTON, etc.; ) | | |
| OTHA DILLIHAY, etc.; HENRY R. ) | | |
| ERVIN, etc.; and MARILYN BENSON, etc.,) | | |
| ) | | |
| Defendants. ) | | |

**ORDER**

This cause is before the court on an Emergency Motion to Stay Proceedings (Doc. #155), filed by the Defendants at 10:26 last night. The Plaintiffs have not consented to this motion.

The court notes at the outset that the Defendants' perceived emergency is of the Defendants' own making. This case was filed on July 17, 2007. On October 12, 2007, the court entered a Scheduling Order setting the case for trial on October 27, 2008, over a year later. The original Complaint named as individual defendants state actors in their individual capacities. Despite the possible availability of a qualified immunity defense, the Defendants did not file a motion to dismiss, did not specifically plead qualified immunity in their Answer, and did not raise qualified immunity in their Motion for Summary Judgment which was filed on June 27, 2008. The briefing on summary judgment was voluminous and there was extensive citation to depositions of the Defendants. The Defendants never sought to stay discovery on the basis of qualified immunity. The court ruled on the Motion for Summary Judgment on August 29, 2008.

The Defendants waited until the eve of trial to file a Second Motion for Summary

Judgment, asserting at that time the defense of qualified immunity as to the individual Defendants. The deadline for dispositive motions was ninety days before the pre-trial hearing, and the pre-trial hearing was held on September 25, 2008. The Defendants' only conceivable previous attempt to assert qualified immunity was in the Answer to the Amended Complaint, but which did not even refer to such defense by name. At the pre-trial hearing held in this case, the court informed the Defendants that it would strike language from their proposed pre-trial contentions that attempted to incorporate by reference defenses from the Answer to the Amended Complaint, since the pre-trial order was intended to replace the pleadings. The Defendants were given time to amend their pre-trial contentions, which did not specify a qualified immunity defense, to add any defenses from the Answer to the Second Amended Complaint they wished to include. There was no mention of qualified immunity in the pre-trial hearing or in the Defendants' motion to add other defenses to their pre-trial contentions, filed after the pre-trial hearing. The court ruled on the motion and allowed the addition of some requested defenses. There was no request to add qualified immunity to the pre-trial order.

The Second Motion for Summary Judgment, raising the ground of qualified immunity, was filed on a Sunday, a week before the scheduled trial. Because the Eleventh Circuit allowed for a late filing of a qualified immunity defense in *Hill v. Dekalb Reg'l Youth Detention Ctr*, 40 F.3d 1176, 1184 n.15 (11th Cir. 1994), this court could not conclude that qualified immunity had been waived in its entirety. The court was also aware, however, that the Eleventh Circuit has indicated that qualified immunity can be raised at various stages, and can be waived at various stages. *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002).

The court was concerned that the Plaintiffs might be greatly prejudiced by having to

respond to the legal, and possibly factual issues, raised by the second motion for summary judgment, in addition to preparing for the trial of this case, including multiple motions in limine and objections to witnesses and evidence.  Furthermore, the court was mindful that summary judgment, if appropriate, can be entered if an opposing party fails to respond to the motion under Fed. R. Civ. P. 56(e)(2).  Furthermore, a motion for summary judgment must served at least 10 days before the day set for the hearing. Fed. R. Civ. P. 56(c).   Therefore, after having given the Plaintiffs time to request a continuance of the trial, which the Plaintiffs declined, the court stated that because of the Defendants' own failure to move for summary judgment on this defense before the eve of trial, it would not be possible for the court to consider and make a reasoned determination in advance of trial, and the Motion to Shorten Time for Consideration of Defendants' Second Motion for Summary Judgment was denied.  This court noted that the compressed time period between the proposed motion for summary judgment and trial meant that the benefit to the individual Defendants of a pre-trial ruling on qualified immunity was minimal at best.  After all, for a year they had participated in and incurred the expense of discovery, a summary judgment motion with voluminous briefing on numerous other issues, and extensive trial preparation, without seeking such a ruling.

The court's Order denying the Motion to Shorten Time for Consideration of Defendants' Second Motion for Summary Judgment was entered before the close of business on October 22, 2008.  At 10:26 p.m. on October 23, 2008, this court received Notice of an electronic filing of this Emergency Motion to Stay.  At 10:29 p.m. on October 23, 2008, this court received Notice of an appeal of the court's denial of the Motion to Shorten Time for Consideration of Defendants' Second Motion for Summary Judgment.

At no time has the court either denied the defense of qualified immunity, denied the right to raise the defense of qualified immunity, or indicated that it will not rule on the defense now that it has been raised. Instead, the court has merely allowed the Plaintiffs time in which to file a response to the motion on the merits, and the court has every intention of considering the Second Motion for Summary Judgment in due course. It may well be that some, or all, of the Defendants will be found entitled to qualified immunity.

The court is well-aware that a non-frivolous appeal of a denial of qualified immunity divests this court of jurisdiction over federal constitutional claims against individual defendants. *See Showtime/the Movie Channel, Inc. v. Covered Bridge Condominium Assoc., Inc.*, 895 F.2d 711 (11th Cir. 1990). The Defendants' Notice of Appeal is not a non-frivolous appeal.

In evaluating the Motion to Stay Proceedings, the court finds helpful the analysis of the Seventh Circuit Court of Appeals in *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), a case cited favorably by the Eleventh Circuit on two occasions. *See Blinco v. Green Tree Servicing*, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004); *Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002). In *Apostol*, the Seventh Circuit considered the propriety of a district court's denial of a motion to defer trial until after the resolution of an appeal of a denial of qualified immunity. 870 F.2d at 1337. The court reasoned as follows:

> Defendants may waive or forfeit their right not to be tried. If they wait too long after the denial of summary judgment, or if they use claims of immunity in a manipulative fashion, they surrender any entitlement to obtain an appellate decision before trial. *Kennedy*, 797 F.2d at 300-01. This is not to say that they lose the right to contend on appeal from the final judgment that they enjoy immunity from damages; the right not to pay damages and the right to avoid trial are distinct aspects of immunity, and the former may be raised on appeal at the end of the case even if defendants bypass their right to appeal under *Forsyth* before trial. *See Kurowski v. Krajewski*, 848 F.2d 767, 772-73 (7th Cir.1988). We have no doubt, however, that defendants who play games with the district court's

schedule forfeit their entitlement to a pre-trial appeal. A district court may certify that a defendant has surrendered the entitlement to a pre-trial appeal and proceed with trial.

*Id.* at 1339.

This court is persuaded by this reasoning and concludes that the appeal from the Order denying a motion to shorten time is frivolous because the Defendants have forfeited their right to a pre-trial determination of the merits of their motion through their manipulative, and delaying, tactics. If this case is not one in which Defendants have forfeited their right to pre-trial determination of qualified immunity, then the right can never be forfeited. The court will, therefore, deny the Emergency Motion to Stay. The court will further certify, in accordance with *Apostol*, that the appeal is frivolous and taken for the purpose of delay. The court notes that this decision has no impact on the Defendants' continued right to assert qualified immunity from judgment at trial, and the court has every intention of ruling on that defense in due course.

Accordingly, it is hereby ORDERED as follows:

1. The Defendants' Emergency Motion to Stay Proceedings (Doc. #155) is DENIED.

2. It is further CERTIFIED that the appeal from the court's Order denying the Motion to Shorten Time for Consideration of Defendants' Second Motion for Summary Judgment (Doc. #150) is frivolous and taken for the purpose of delay.

Done this 24th day of October, 2008.

        /s/ W. Harold Albritton
        W. HAROLD ALBRITTON
        SENIOR UNITED STATES DISTRICT JUDGE