IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOAN FAULK OWENS and KAREN LYNN HUBBARD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  2:07cv650-WHA |
| STATE OF ALABAMA DEPT. OF MENTAL HEALTH AND MENTAL RETARDATION; JOHN HOUSTON, etc.; OTHA DILLIHAY, etc.; HENRY R. ERVIN, etc.; and MARILYN BENSON, etc., | ) ) ) ) ) ) ) ) | (WO) |
| Defendants. | ) | |

**ORDER**

This cause is before the court on the Defendants' Objections to deposition designations by the Plaintiffs (Doc. #111, 114-118).

Initially, the Defendants objected to the Plaintiffs' deposition designations on multiple grounds, including that the designations did not always contain complete answers.  The court gave the Defendants time in which to file responsive deposition designations so as to address portions of the Plaintiffs' deposition designations which the Defendants felt were incomplete. The Defendants filed responsive deposition designations.  Therefore, many of the Defendants' objections have been rendered moot.

The Defendants have, however, raised additional objections to deposition designations which were not mooted by their responsive designations.  With respect to the designations from Defendant Dillihay's deposition, the Defendants object in Doc. #111 to designations relating to Dillihay's family, stating that they violate Fed. R. Evid. 403.  They also object to a question about a board of directors, work in South Carolina, Dillihay's thoughts about the

Commissioner's intentions which were never expressed to anyone, Dillihay's living arrangements, and testimony about the nepotism policy.  The Plaintiffs respond only that the court's Order allowing for deposition designations adequately covers the objections to Dillihay's deposition designations.

The designations of pages 61, 62, 90, and 116, which concern Dillihay's fraternity and family, the make-up of a board, and his current position, are not to be read unless taken up outside the presence of the jury in accordance with this court's Order on a motion in limine concerning this type of evidence.

The Defendants object to designations on pages 128, 129, and 130 as being unexpressed mental operation, but cite no authority for exclusion on that basis.  The Defendants contend that Dillihay's reasons for leaving are irrelevant.  The court discussed in ruling on the motion for summary judgment that there could be a question of fact as to Houston's reliance on Dillihay's recommendation based on Houston's knowledge of Dillihay's reputation as an employee.  Therefore, the court cannot conclude that the designations are irrelevant or unduly prejudicial and the Objection on this basis is due to be OVERRULED.

The court agrees that pages 128 and 130 of the deposition, concerning living arrangements, appear to be irrelevant, and without guidance from the Plaintiffs as to why they are relevant, the Objection is due to be SUSTAINED.

As to the designations on pages 164, 165, 166, the court agrees that the Objection is due to be SUSTAINED as to most of the cited portions because they reference an anti-nepotism policy, which is not at issue in this case, but lines 1-5 on page 166 concern only discrimination and are admissible.

The Objection is also due to be SUSTAINED as to the designation on page 172 because it concerns policies not at issue.  Pages 174 and 175, however, which discuss the open and competitive environment and preselection of people and asks whether the Departmental Assistant Personnel Manager position was pre-selected for jobs is relevant and not unduly prejudicial so as to warrant exclusion.  The Objection is due to the OVERRULED.

Pages 198-199 concern the verification of answers to interrogatories does not appear to be relevant.  In the absence of any response by the Plaintiffs as to why the pages are relevant, the Objection is due to be SUSTAINED.

Page 256 is just a reference to an exhibit without a question and answer and, therefore, the Objection is due to be SUSTAINED.

Designations on pages 258 through 264 are objected to as referring to an exhibit that is not referenced.  The exhibit reference appears on page 256 at lines 5,6, which have been designated by the Plaintiffs.  (Doc. #85).  The Objection is due to be OVERRULED.

The objection to pages 275: 6-13, 16-25 concerns Susan Szcepankski, and the Objection is due to be SUSTAINED under the court's order on the motion in limine.

Designations on pages 276 and 277– lines 1-8 on page 276 concern Susan Szcepanski and may not be read, but the more general question concerning experience and a degree beginning at line 9 on page 276 and continuing through the designations on page 277 is relevant as a historical matter and not due to be excluded under Rule 403.

The designations on pages 278 and 279 are objected to as being about Kristopher Vilamaa.  This evidence is relevant and not due to be excluded under Rule 403.  The Defendants further state that Dillihay has no recollection of the document so the testimony is being created

by the attorney.  The court concludes that the jury is entitled to hear Dillihay's responses to the questions and give them what weight they determine the answers are entitled to have.  The Objection is due to be OVERRULED.

Page 296 contains questions about an interrogatory response.  Without guidance from the Plaintiffs, it is unclear what the purpose of this designation is and it also contains a question which is objected to and not answered.  The Objection is due to be SUSTAINED.

The Defendants state that the designation on pages 300 and 301 are hypotheticals not based on facts in this case.  The court agrees that this designation does not appear to be relevant, as they ask whether Benson's involvement creates an appearance of impropriety or is improper.  The claims at issue are for race discrimination.  The Objection is due to be SUSTAINED.

In Doc. # 114 the Defendants object to the designation of Owens and Hubbard's own depositions.  The Plaintiffs respond first that this objection, and other objections, are untimely, having been filed on October 14, 2008.  Because October 13, 2008 was a federal holiday, the court will consider the objections filed on October 14, 2008.  The Plaintiffs say that this objection is covered by the court's order requiring additional designations to have complete answers.  The Plaintiffs, however, are not entitled to use their own depositions in their case-in-chief. Fed. R. Civ. Pro. 32.  The objection is due to be sustained to the use of the depositions in the case-in-chief.

In Doc. #115, the Defendants object to a long list of designations of Ervin's deposition as being inappropriate as background information because Ervin will be there to testify.  The Plaintiffs do not respond to this aspect of the objection, arguing only that Ervin's testimony is relevant.  This objection is due to be SUSTAINED.

The Defendants object to designations on pages 47 and 48 as being inaccurate. Although there is an objection to that effect in the designations, Ervin answers that he did say what was asked. Therefore, this designation is allowed.

The Defendants object to a long list of designations from Ervin's deposition as being irrelevant. The Plaintiffs respond generally that they incorporate their responses to the Defendants' motions in limine.

In the absence of any specific argument from the Plaintiffs as to relevance, the court agrees that the designation on pages 68-69 regarding JCAHO accreditation of hospitals, and on pages 71 through 82 regarding various mental health facilities, is irrelevant and the Objection is due to be SUSTAINED.

The designations on pages 82 through 85 concern Jim Elliott and are governed by the court's ruling on the motion in limine and must be taken up outside of the presence of the jury.

On pages 86 through 90 the testimony concerns the difference between exempt and merit system classifications. The court has discussed the admissibility of policies and procedures of the ADMH in the context of a motion in limine. These classifications do not appear to fit within the rationale expressed, but if the Plaintiffs want to read this portion into the record, they should take this up with the court outside of the presence of the jury as directed in the court's ruling on the relevant motion in limine.

Pages 167 and 168 concern Ervin's use of substitution in obtaining his own position. The Defendants object to this as being irrelevant because it occurred eight years previous to the decision at issue. As expressed in the context of motions in limine, however, at this point, the court concludes that this evidence is relevant as evidence of the historical practice of the ADMH,

subject to objection as being unnecessarily cumulative.

Pages 183 and 184 also contains testimony regarding substitution provisions subject to the same ruling on the motion in limine.

Pages 271 through 279 concern Ervin's new position and plans to leave the department. At the summary judgment stage there was argument advanced that Benson would move into Ervin's position if he were to be promoted. It does not appear at this point that that argument, or these designations are relevant. If the Plaintiffs seek to enter these designations into the record at trial, they should first take this up outside of the presence of the jury.

Pages 284 through 295 concern performance evaluations of the Plaintiffs which the court has ruled in the context of a motion in limine must be taken up outside the presence of the jury.

The Defendants object to designations of Ervin's deposition on pages 197 through 199 on the ground that these excerpts express a legal opinion of the Commissioner's role within ADMH. The Plaintiffs respond that Ervin is a 20-year veteran of the ADMH and head of the human resources office and can testify regarding his knowledge and powers of the Commissioner. The court has ruled on evidence regarding policies and procedures in connection with a motion in limine. In addition to that analysis, the court does not agree that Ervin can offer lay opinion testimony on a legal issue, and he has not been identified as an expert witness. Therefore, the Objection is due to be SUSTAINED as to these designations.

The Defendants finally object to designations on pages 201 and 202 of the deposition of Ervin as being speculative. Ervin is asked whether he thought the Commissioner thought the JEC had approved the specifications and whether Ervin thought that was important to the Commissioner. This testimony is speculative and due to be excluded as unduly confusing of the

issues under Rule 403. The Objection is due to be SUSTAINED as to these designations.

In Doc. #116, the Defendants raise objections to designations from Houston's deposition. The Defendants state that Houston will be available at trial so the background designations are unnecessary. This objection is due to be SUSTAINED.

The Defendants also object to deposition designations on pages 22, 31, 32, 33, 34, 58, 70, 71-72, 76-77, 78, 79, 81, 98, and 100 as regarding state policies and procedures. This category of testimony has been addressed in a motion in limine. The Plaintiffs must take up these deposition designations outside of the presence of the jury at trial.

The Defendants have also objected to several designations from Houston's deposition as irrelevant. Pages 92 through 97, 170, 172, 193 concern Jim Elliott and Kristopher Vilamaa. This category of evidence was addressed in a ruling on motions in limine. Evidence regarding Jim Elliott must be taken up outside of the presence of the jury.

On pages 135 through 136, Houston testified concerning the promotion of Ervin eight years prior to the decision at issue. The court concludes that this evidence is relevant to the historical use of substitution at ADMH, and Houston's knowledge of substitution. It is also not due to be excluded under Rule 403. The Objection on this basis is due to be OVERRULED.

Pages 185 through 190 concern substitution of various positions at the ADMH. This is also governed by the court's ruling on a motion in limine on the same subject.

The Defendants state that pages 117 and 219-220 of the deposition ask questions of Houston which are based on facts not in evidence. The Plaintiffs' designations from Marilyn Benson's deposition (Doc. #85), however, do not include lines from page 117. As to the designations on pages 219-220, the court agrees that the Objection is due to be SUSTAINED

because Plaintiffs' counsel asks whether various actions by Benson, which the Defendants contend are not supported by the evidence, give an appearance of impropriety.  This is a case about race discrimination.

Finally, the Defendants state that pages 160 through 161 ask Houston about a letter Benson typed from Ervin to Houston and state that this accusation made by the Plaintiffs has never been proven.  The Plaintiffs respond by pointing to portions of Benson's deposition for her testimony that she typed a document, and it has her initials MBB, to Jackie Graham, establishing two exempt positions and typed another memo to the commissioner.  The court concludes, therefore, that the Objection is due to be OVERRULED as to this evidence.

The Defendant objection in Doc. #117 to designations from the deposition of David Ross Petty.  The Defendants state that this deposition cannot be used because Rule 32(a)(4) of the Fed. R. Civ. Pro. states that a non-party's deposition can be used if the witness is dead, more than 100 miles away, or cannot testify because of age etc. or be subpoenaed.  The Defendants state that Petty lives in Prattville and there has been no showing why he cannot be present.  And, Petty has been subpoenaed.  The Defendants further state that the testimony ought not be allowed because it is imprecise.

The Plaintiffs state that statements from Dillihay to Petty are governed by Fed. R. Evid. 801(d)(2).  They do not otherwise respond to the objection.

Without a showing that the requirements of Fed. R. Civ. 32(a)(4), governing unavailable witnesses are met, this deposition is not admissible.   If the Plaintiffs contend that the requirements of Rule 32(a)(4), are satisfied, they are to inform the court of on the day of trial, after jury selection.  Otherwise, the Objection will be sustained.

In Doc. #118 the Defendants object to designations from Benson's deposition including a long list of designations concerning Benson's background. This objection is due to be SUSTAINED.

The Defendants object to a long list of designations as being irrelevant because they concern Benson's supervisory roles, including pages 62, 63, 67-68, and 105-116. Without guidance from the Plaintiffs as to why these designations are relevant, the court agrees that this testimony about persons that Benson supervises and what she has done after she received the position at issue is only marginally relevant and is substantially outweighed by the danger of confusing the issues. The Objection is due to be SUSTAINED as to this evidence.

The designations on pages 166-67 concerning Benson's interview score are admissible as relevant and not unduly prejudicial because, as discussed in ruling on the first motion for summary judgment, the score is offered for the purpose of showing how Benson uniquely met the qualifications. The Objection is due to be OVERRULED.

The Defendants object to designations on pages 187 through 189 regarding the contents of an announcement log. Without a response from the Plaintiffs as to why this evidence is relevant, the court concludes that the Objection is due to be SUSTAINED.

Pages 189 through 219 and 202 through 205 include a discussion of Benson's performance evaluations. Without a response from the Plaintiffs as to why Benson's job performance is relevant, and given that the court has excluded consideration of relative qualifications, the court concludes that the Objection is due to be SUSTAINED.

The designations on pages 216 through 217 contains a reference to Benson being in charge during Ervin's absence in May 2007. This is the subject of an objection to evidence

which the court has determined must be ruled on at trial, given the state of the evidence.

On page 218 to 219 there is a reference to a bates stamp number. The court is unaware of why this testimony is relevant, and the Objection is due to be SUSTAINED.

There are designations from pages 221 through 225 concerning Benson's probationary increase and the Form 40 for her current position, all of which occurred after she received the position. The court is unaware of why this testimony is relevant, and the Objection is due to be SUSTAINED.

Page 233 contains testimony that Benson and Ervin have access to other individuals' personnel files. There appears to be a basis for relevance of this information, since the theory of the case is that a position was designed to exclude the Plaintiffs by requiring a qualification they do not posses. In addition, the evidence is not due to be excluded under Rule 403. The Objection to this designation is due to be OVERRULED.

The Defendants also claim that some designations from Benson's deposition are speculative, specifically whether the Plaintiffs had the ability to work on job specifications. The Plaintiffs state that Benson can give an opinion based on her perception of their abilities based on her role as co-employee and supervisor. They state that such an opinion does not run afoul of Rule 702 because it is not based on scientific, technical or other specialized knowledge. The court agrees that this evidence is admissible, because the answer from Benson is that working on job specifications is within Owens and Hubbard's job descriptions, which is within her personal knowledge.

On pages 50-52, Benson is asked a hypothetical about posting a position at Bryce Hospital. The court agrees that even if this evidence is relevant, its probative value is

substantially outweighed by the danger of confusing the issues under Rule 403.

Various lines are designated on pages 178 through 181 of Benson's deposition to which the Defendants have objected because they concern websites from other states. This evidence has been discussed in the context of objections to exhibits. These deposition designations may well be used in examining Benson, but only to impeach testimony if it is inconsistent with what she testified during her deposition. The Objection is due to be SUSTAINED as to these designations for any other purpose.

Finally, the Defendants object to an unspecified deposition designation concerning Benson's belief that preference for a degree would discourage applications. The brief by the Defendants does not cite this provision, however, so the court is unable to rule on its admissibility at this time.

Counsel are advised that, if depositions are offered and allowed in evidence to be read, the court expects counsel to conscientiously limit them to portions they determine in good faith to be necessary to the presentation of their case, even though other portions may be legally admissible. The court expects counsel, to the fullest extent possible, to resolve disputes agreeably among themselves before a deposition is offered at trial, so that the deposition excerpts may be read to the jury "seamlessly," without unduly prolonging the trial, and exasperating the jury, by objections.

For the reasons discussed, it is hereby ORDERED that the Defendants' Objections in Doc. #'s 111, 114, 115, 116, 117, and 118 are SUSTAINED in part and OVERRULED in part as

set out in this Order.

 Done this 24th day of October, 2008.


          /s/ W. Harold Albritton
          W. HAROLD ALBRITTON
          SENIOR UNITED STATES DISTRICT JUDGE